1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
STANDARD AERO, INC., Plaintiff-Appellant,
v.
Eugene A. MCDONOUGH, Defendant-Appellee,
and
COMMONWEALTH JET SERVICE, INCORPORATED, a Virginia
Corporation; Aircraft Management Service
Corporation, a Virginia Corporation,
Defendants.
 No. 92-2330.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1993.
Decided: August 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-92-330)
 Argued: Linda S. Jensen, Mahoney & Hagberg, Minneapolis, Minnesota, for Appellant.
 Eliot Norman, Thompson & McMullan, P.C., Richmond, Virginia, for Appellee.
 On Brief: Alton A. Martin, Thompson & McMullan, P.C., Richmond, Virginia, for Appellant;
 Michael M. Morchower, Lee Kilduff, Morchower, Luxton & Whaley, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and HAMILTON, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Standard Aero, Inc., sold Commonwealth Jet Services, Inc., aviation parts and equipment for which it was not paid. Standard sued to recover the unpaid debt from Eugene A. McDonough in the United States District Court for the Eastern District of Virginia, alleging that McDonough had guaranteed Commonwealth's debt personally. McDonough acknowledged that he had signed a guaranty to Standard but that it was on behalf of Prestige Air Charter, Inc., another of Standard's clients. The guaranty provided a blank space for the name of the customer whose debts were being guaranteed, but in this case the words "all debts" have been written in the space, and the name of the debtor is missing. The district court denied both parties' motions for summary judgment, and upon determining that the issue for trial was one of credibility, impaneled an advisory jury. The advisory jury returned a verdict in favor of McDonough, and the district court agreed and entered judgment accordingly. Standard appeals, raising a variety of errors by the trial court. McDonough replies, in essence, that the judgment of the district court should be affirmed as a matter of law.
 
 
 2
 We may, of course, affirm the judgment below on any basis for which we find support in the record. McDonough,"without cross-appeal, 'may support the judgment by urging any theory, argument, or contention which is supported by the record, even though it was specifically rejected by the lower court.' " Blackwelder v. Millman, 522 F.2d 766 (4th Cir. 1975) (quoting 9 J. Moore, Federal Practice Sec. 204.11, at 938 (2d ed. 1953)). McDonough does just that, arguing that the guaranty was patently ambiguous in its failure to identify the debtor and therefore unenforceable under Virginia law.
 
 
 3
 The parties agree that Virginia law governs this dispute over the identity of the debtor. Given the missing term in the guaranty, Standard attempted to introduce parol evidence indicating that Commonwealth was the debtor. After the district court denied McDonough's motion to exclude such evidence, McDonough then responded by introducing evidence that Prestige was the debtor.
 
 
 4
 Parol evidence is admissible in Virginia to explain a latent ambiguity in a contract, but it is not admissible to resolve a patent ambiguity. See Zehler v. E.L. Bruce Co., 160 S.E.2d 786, 789 & n.5 (Va. 1968). The Supreme Court of Appeals of Virginia explained that "parol evidence cannot be considered to explain a patent ambiguity, that is, to supply the understanding that the parties could have reasonably been expected to reach where the language of the instrument reflects no understanding." Id. at 789. Because the language of the instrument in this case reflects no understanding of the identity of the debtor, the district court abused its discretion in admitting parol evidence on the issue.
 
 
 5
 Standard relies on Jones v. Fox Film Corp., 68 F.2d 116 (5th Cir. 1934), to argue that the missing term presents a latent ambiguity that should be resolved through use of parol evidence. In that case, parol evidence was used to determine which of two named parties, the corporation or its officer, was bound by the instrument. In this case, three parties must be identified-the debtor, the creditor, and the guarantor-but the guaranty only identifies the latter two. The language of the instrument does not ask that we choose between two named parties, in which case parol evidence would indeed be helpful, but that we fill in an essential term that happened to be left blank.
 
 
 6
 Without the admission of the parol evidence, no genuine issue of material fact remained. The district court should then have granted summary judgment in favor of McDonough because nothing in the language of the guaranty indicated that he intended to guarantee Commonwealth's debt, and because there was no other admissible evidence on the issue.
 
 
 7
 Having found that the judgment of the district court is correct as a matter of law, we need not reach the various errors alleged by Standard, and we therefore affirm the judgment below.
 
 AFFIRMED