## CIRCUIT COURT OF ROANOKE COUNTY

Lynn Brae Farms, Inc.

v.

Old Heritage Corp. et al.

February 14, 1995

Case No. CH91000691

BY JUDGE CLIFFORD R. WECKSTEIN

In this suit for specific performance, a commissioner in chancery has found that Old Heritage Corporation is obligated by contract to deed a road to the Roanoke County Board of Supervisors and to take certain other actions. Old Heritage has filed exceptions to these findings and to the commissioner's recommendation that a decree of specific performance be entered.

A central issue in the case is whether the commissioner should have considered testimony beyond the four corners of the relevant documents. Although the parties disagree sharply about this, there are a number of things about which there is no dispute.

The parties agree that Old Heritage conveyed 29.52 acres of land to Lynn Brae Farms, Inc., by deed dated November 23, 1970, and that this deed also conveyed "an easement for ingress and egress over and along the paved drag strip as presently constituted, and also a strip of land 50 ft. in width lying between the south end of the paved drag strip and State Secondary Route 679."

The parties also agree that Old Heritage and Lynn Brae entered into a separate two-page written agreement, also dated November 23, 1970. The agreement recites that Old Heritage, by deed of even date, has conveyed

29.52 acres of land to Lynn Brae, together with an easement over and along the adjoining paved drag strip for ingress and egress to said land; that Turkey Hollow Road exists as a partially completed road running from Crossbow Circle to the drag strip; that Old Heritage "has agreed to give [Lynn Brae] limited access over the said Turkey Hollow Road until such time as the said Turkey Hollow Road shall be dedicated as a public street"; and that "if and when the said Turkey Hollow Road is finally constructed and dedicated as a public street, it will be so constructed and dedicated as to connect with the aforementioned paved drag strip."

In the agreement, Old Heritage also retains the right to construct a gate across Turkey Hollow "at its conjunction with the above-mentioned paved drag strip, and to keep said gate locked," furnishing Lynn Brae with a key.

The parties agree that, if Old Heritage were at this time to convey Turkey Hollow Road to the Board of County Supervisors of Roanoke County, the road would become a part of the state highway system. In its bill of complaint against Old Heritage (filed on December 5, 1991), Lynn Brae contends that Old Heritage is required, under the terms of the agreement, to convey Turkey Hollow Road to the Board. Because Old Heritage has refused to do so (as it admits), Lynn Brae seeks a decree of specific performance.

After these parties were at issue, Old Heritage filed a cross-bill against T. D. Steele, principal of Lynn Brae, and against Vaughn, Inc. Both Steele and Vaughn have property interests which will be affected by the outcome of this suit. In its cross-bill (filed by leave of court on April 29, 1992), Old Heritage alleged (and Steele and Vaughn, in their answers, admitted) that this suit "was initiated by Lynn Brae Farms, Inc., for the purpose of compelling Old Heritage Corporation to: (a) remove the existing gate lying between Turkey Hollow Road and the existing drag strip; (b) extend Turkey Hollow Road down the drag strip to connect with Lynn Brae Farms, Inc.'s . . . parcel; and (c) deed the fee simple ownership of Turkey Hollow Road, as extended, unto the Roanoke County Board of Supervisors as a public road."

On July 27, 1992, Lynn Brae, with leave of court, filed a pleading amending the prayer of its bill of complaint to ask "that Old Heritage be compelled to specifically perform under the terms of the November 23, 1970, Agreement . . . by dedicating Turkey Hollow Road as a public street and causing it to be so constructed and so dedicated as to connect with the paved drag strip mentioned in said Agreement; and that a Special Commissioner be appointed to execute and deliver on behalf of Old Heritage a

deed conveying to Roanoke County or its Board of Supervisors such real property of Old Heritage as may be required to enable Turkey Hollow Road to be constructed so as to connect with the aforementioned paved drag strip and be taken into the Virginia State Highway System; and that Lynn Brae be granted such other and further relief as the exigencies of its cause may require and to equity may seem meet."

On April 3, 1992, a judge of this court entered a decree, tendered by counsel, which referred the case to a commissioner in chancery, and directed that the commissioner, after due hearing, report:

> Whether all necessary parties were before the court;
>
> Which documents were relevant to the rights and obligations of Lynn Brae and Old Heritage concerning Turkey Hollow Road;
>
> Whether or not the provisions of the writings executed by Lynn Brae and/or Old Heritage relevant to their rights and obligations concerning Turkey Hollow Road are incomplete or ambiguous; and
>
> Whether or not Old Heritage is contractually obligated by those writings to (a) take down the gate between Turkey Hollow Road and the drag strip; (b) extend Turkey Hollow Road down the drag strip to Plaintiff's property; and (c) deed the fee simple ownership of Turkey Hollow Road, as extended, to the County Board of Supervisors as a public road.

On December 18, 1992, the commissioner in chancery held an evidentiary hearing. In February and March of 1993, counsel filed memoranda of law. The commissioner in chancery filed his report on January 25, 1994. (Counsel agree that, between the hearing and the filing of his report, the commissioner underwent open heart surgery.)

Old Heritage timely filed its exceptions to the commissioner's report. No other exceptions were filed. Counsel filed further memoranda of law and argued the case orally on April 15, 1994.

The commissioner found that all necessary parties were before the court and that the only relevant documents were the November 23, 1970, deed and agreement. There is no exception to these findings, and they therefore are final and binding.

The commissioner found that both documents "are incomplete and ambiguous and need to be explained by evidence beyond the four corners of the documents." He therefore considered parol evidence and further found

that Old Heritage "is contractually obligated to (a) take down the gate between Turkey Hollow Road and the drag strip; (b) extend Turkey Hollow Road down the drag strip to [Lynn Brae's] property; and (c) deed the fee simple ownership of Turkey Hollow Road, as extended, to the Roanoke County Board of Supervisors as a public road." He found that Old Heritage "should be ordered to specifically perform its contractual obligations reported [above]."

A circuit court is to confirm or reject the report of a commissioner in chancery "according to the view which it entertains of the law and the evidence." Virginia Code § 8.01-610; *Gulfstream Building Associates v. Britt*, 239 Va. 178, 185, 387 S.E.2d 488 (1990). Where questions of fact are referred to a commissioner, his or her findings are given great weight, and should be sustained unless plainly contrary to the law, unsupported by the evidence, or not warranted by any reasonable view of the evidence. This rule applies with particular force to findings of fact based upon evidence taken in the commissioner's presence, but (of course) is not applicable to "pure conclusions of law." *Hill v. Hill*, 227 Va. 569, 576-577, 318 S.E.2d 292 (1984); *Newton v. Newton*, 202 Va. 96, 102, 116 S.E.2d 94 (1960); *McGrue v. Brownfield*, 202 Va. 418, 427-28, 117 S.E.2d 701 (1961). On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong, but where the chancellor has disapproved the commissioner's findings, the Supreme Court will review the evidence to ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. *Hill v. Hill, supra*.

The commissioner in chancery to whom this cause was referred is one of the most respected and ablest members of the Roanoke bar. He heard the testimony of witnesses for a full day and asked counsel to present further oral argument at a later time. Nonetheless, having carefully considered the 402 page transcript of the commissioner's hearing, the exhibits introduced in evidence, the report of the commissioner, the memoranda of law submitted to the commissioner and to the court, and the oral argument of counsel, I entertain a different view of the law and the evidence than did the commissioner. Therefore, I cannot confirm his report. I now sustain Old Heritage's exceptions to the report of the commissioner, and find that, as a matter of law, Lynn Brae is not entitled to the relief sought in its pleadings.

The commissioner in chancery followed the sensible practice of declining to exclude from the record any evidence to which objections were

made, perceiving it his obligation to place all of the evidence into the record for thorough review by the trial court and in any appeal, and so that "when I write my report, you can determine from that report whether I relied on that evidence, was influenced by that evidence, and then the court will have a complete record and you can argue exceptions to my report." Transcript of Commissioner's Hearing, at 12.

While I agree that this was the appropriate course for a commissioner to follow in conducting the hearing, I believe that the issues in the case, as framed by the pleadings, required an initial legal analysis that was considerably narrower than the one conducted by the learned commissioner. The commissioner's perception of the case may have been affected by his judgments about the weight of the evidence and the equities of the parties' positions, judgments that I believe need not be made.

The parties called upon the commissioner to decide whether the relevant documents, the deed and the agreement, were ambiguous; whether extrinsic evidence — evidence outside of the four corners of the documents themselves — should be considered to explain terms alleged to be vague or of uncertain meaning. In my view, this inquiry requires an examination of intertwined principles of the law of evidence and of the parol evidence rule.

There is a question that must be asked before inquiring whether extrinsic evidence should be admitted to explain ambiguous terms. That question is whether the disputed terms are *relevant* and *material* to the issues raised framed by the pleadings.

As Professor Charles E. Friend (upon whom both commissioner and counsel heavily relied in their report and memoranda) has written:

> Strictly speaking, evidence is relevant if it tends to establish the proposition for which it is offered. If it has *any* probative value, however slight — i.e., if it has any tendency whatsoever to prove or disprove the point upon which it is introduced — it is relevant. This does not necessarily mean, however, that the evidence is therefore admissible. In fact, it is *not* admissible *unless it tends to prove a matter which is properly at issue in the case.*

C. E. Friend, *Law of Evidence in Virginia* (4th ed.), § 11-1 at 447 (emphasis in original).

If the commissioner has admitted evidence to aid in construing terms whose meaning sheds no light on the issues framed by the pleadings then, under the most basic principles applicable to the adjudication of causes,

the court must exclude that evidence from its consideration, and confine its consideration to that evidence which tends to prove the matters at issue in the case, as framed by the pleadings.

The primary issue in this case is whether, under the November 23, 1970, agreement, Old Heritage must convey Turkey Hollow Road to the County Board of Supervisors, upon which conveyance Turkey Hollow will become a public road. If it is a public road then, ipso facto, Old Heritage can no longer maintain a gate across the road and a complete connection must be constructed between the Lynn Brae property and Turkey Hollow Road. The question of whether construction is necessary to connect Turkey Hollow Road and the drag strip is subsidiary to, and dependent upon, whether Old Heritage must convey the road to the County Board.

Lynn Brae contends in its pleadings, and in its argument, that the contract requires Old Heritage at this time to take the actions necessary to cause dedication of Turkey Hollow Road as a public street. In order to prevail, Lynn Brae must rely on evidence outside of the four corners of the document. This is so, of course, because no provision of the agreement explicitly grants Lynn Brae the contractual right to compel such dedication; no provision of the writing explicitly sets forth the time "if and when," in the language of the agreement, "the said Turkey Hollow Road [will be] finally constructed and dedicated as a public street."

"[T]he parol evidence rule is a rule of substantive law rather than a rule of evidence." *Zehler v. Bruce*, 208 Va. 796, 797, n. 1, 160 S.E.2d 786 (1968). It is a "time-honored fixture in the law of this Commonwealth." *Amos v. Coffey*, 228 Va. 88, 91, 320 Va. 335 (1984). When parties have entered into a written agreement, this rule of law provides, extrinsic evidence "may not be admitted to contradict or vary the clearly expressed terms of a written agreement." *Anden Group v. Leesburg Joint Venture*, 237 Va. 453, 458, 377 S.E.2d 452 (1989). When, however, the writing contains terms which are ambiguous, vague, uncertain of meaning, or unclear, then the trier of fact may consider extrinsic evidence "to explain the ambiguity." *Stewart-Warner Corp. v. Smithey*, 163 Va. 476, 487, 175 S.E. 882 (1934).

Thus, as Lynn Brae and the third-party defendants (in a brief filed on April 4, 1994) quote Professor Friend, "[i]f any term of the main written agreement is ambiguous, evidence of prior agreements is admissible to clarify *that portion of the main instrument*." C. E. Friend, *Law of Evidence in Virginia* (2d ed.), at 638, *quoted* in Reply Brief of Plaintiff and Third Party Defendants, at 3 (emphasis added by the court). (The same language

is contained in the current edition of Professor Friend's work, published after this case was argued. C. E. Friend, *Law of Evidence in Virginia* (4th ed.), § 20-5, at 306.) "Extrinsic evidence can be admitted *to explain an ambiguity* in a document. However, the ambiguity must be apparent on the face of the instrument. Parol evidence cannot be used to first create an ambiguity and then remove it." *Cohan v. Thurston*, 223 Va. 523, 525, 292 S.E.2d 45 (1982) (emphasis added).

In the case at bar, Lynn Brae and the third-party defendants have pointed to terms of the deed and contract which may be vague or ambiguous. By suggesting that *these* terms are in need of construction, they have persuaded the commissioner to admit and to consider evidence to explain or construe language which is, on its face, clear and unambiguous. In effect, Lynn Brae has persuaded the commissioner to use the exception to swallow up the whole. *But see Renner Plumbing v. Renner*, 225 Va. 508, 514, 303 S.E.2d 894 (1983).

The commissioner, having heard parol evidence on all subjects, proceeded to construe or interpret the understanding and intent of the parties relative to their entire course of dealing, even in areas in which no ambiguity (as that term is defined in *Berry v. Klinger*, 225 Va. 201, 207, 300 S.E.2d 792 (1983)) existed. For example, there simply is no language in the November 23, 1970, writings to "construe" on the subject of whether, if Old Heritage decided to "go public" with the remaining roads in the Hunting Hills subdivision, Turkey Hollow Road would be made a public road as well. However, the commissioner has made a finding that this was the intent of the parties.

It was the commissioner's opinion, after hearing the argument of counsel and the evidence, that the term "limited access" is ambiguous, and that there is uncertainty about the location and terminus of the "drag strip." Assuming, without deciding, that the commissioner is correct, these questions are not, in my view, material to the issue of whether or not Old Heritage must, on any schedule other than its own, dedicate Turkey Hollow Road to public use.

Nowhere in the agreement of November 23, 1970, or in the deed, is there any language which suggests that anyone other than Old Heritage has the right to decide "if and when the said Turkey Hollow Road is finally constructed and dedicated as a public street." Nothing contained in the agreement cedes control over the decision about "such time as the said Turkey Hollow Road shall be dedicated as a public street" to any person or entity other than Old Heritage.

When Lynn Brae asks the chancellor to determine that the time has come that Old Heritage must dedicate Turkey Hollow as a public street, Lynn Brae is, in my view, asking the court to make a new contract for the parties, not the one that they made. This, a court is not free to do, regardless of the subjective but unexpressed intentions of parties at the time of their written agreement. *See Berry v. Klinger, supra*, 225 Va. at 208.

Notwithstanding the breadth of the questions contained in the decree of reference, and likewise notwithstanding the scope of the questions argued by counsel, the chancellor in this case need not concern himself with such questions as the precise location of Lynn Brae's easement for ingress and egress, or the location of the drag strip on November 23, 1970, or why Old Heritage reserved a right to construct a gate — all questions upon which the commissioner made findings to which Old Heritage accepted.

The issue raised by the pleadings is whether Lynn Brae is contractually entitled to require Old Heritage now to deed Turkey Hollow Road to the County Board of Supervisors. If Old Heritage must do so then, at some point, there might (or might not) be a question about the precise location of the drag strip in November of 1970. Whether the issues for determination by the court are those as framed by Old Heritage's cross-bill or as framed by Lynn Brae's amended prayer for relief, however, the parties are not engaged in litigation about the precise location of the easement for ingress or egress, or the nature of Lynn Brae's "limited access," or about the gate.

Because the language of the agreement concerning dedication of Turkey Hollow Road contained no ambiguity and because evidence about the intent of the parties concerning such things as the meaning of "limited use" and the location of the drag strip is immaterial, I find that the commissioner erred when he relied on extrinsic evidence to conclude that the parties to the contract had intentions that could only be carried to fruition if Old Heritage were compelled to dedicate Turkey Hollow to the public at this time. I therefore will sustain the exceptions to the commissioner's report.

And, because without the admission and consideration of this extrinsic evidence, there is no basis upon which to grant the relief sought by Lynn Brae in its bill of complaint and amended prayer for relief, I will deny the relief sought and dismiss the bill of complaint. Doing so will make moot the issues raised by the cross-bill of complaint.

I will not further extend an already lengthy opinion letter by discussing the many reported Virginia decisions concerning the parol evidence rule.

Suffice it to say that I have not confined my consideration to the cases cited by counsel, but have reviewed the body of Virginia cases on the subject. This review satisfies me that the rule as stated by Professor Friend is, indeed, the better rule, and the one that would be followed by our Supreme Court in the case at bar. When terms of written agreements are ambiguous, extrinsic evidence is admissible to explain those ambiguous terms. Though the chancellor may admit evidence to explain those terms, however, he or she may not also admit and consider evidence to vary, explain or expand upon contractual terms which are *un*ambiguous. Ambiguity in contractual terms, when those terms are immaterial to the issues framed by the pleadings, furnishes the chancellor (or the chancellor's surrogate, the commissioner) no license to admit extrinsic evidence which he or she may then weigh for the purpose of determining the issues that are before the court.