## CIRCUIT COURT OF FAIRFAX COUNTY

Gary H. Davison

    v.

FastComm Communications, Inc.

April 30, 1998

Case No. L159733

BY JUDGE STANLEY P. KLEIN

This cause is before the court on defendant FastComm Communications, Inc.'s ("FastComm"), Motion to Set Aside the Verdict and to Enter Judgment for Defendant or in the alternative to Order a New Trial. Specifically, FastComm asserts that the jury's verdict in plaintiff Gary H. Davison's favor was not supported by the evidence and should be set aside as a matter of law. Based on the arguments of the parties, the relevant authorities, and the evidence adduced at trial, the Court agrees with FastComm in part and the jury's verdict will be set aside, but only with respect to Davison's bonuses claim.

### I. *Background*

On a motion to set aside the verdict, a trial court is required to view the evidence in the light most favorable to the prevailing party. *Graves v. National Cellulose Corp.*, 226 Va. 164, 169-70 (1983). Consistent with that principle, the Court will summarize the relevant evidence at trial.

This dispute arises from Davison's employment tenure with FastComm as a high-level executive and member of the company's board of directors. In June 1994, Davison was hired as Senior Vice President and Chief Operating Officer of FastComm by Peter Madsen, the corporation's President and Chief Executive Officer. As part of Davison's proposed compensation package, Madsen initially agreed to confer certain stock options, along with a base salary and other incentives. Madsen and Davison also orally agreed to a bonus

plan, whereby Davison was to receive an unconditional $25,000 quarterly bonus. The basic proposed terms of employment were written by Madsen on a napkin or business card during a luncheon meeting. Madsen's notes were then passed on to the Human Resources department at FastComm so that an appropriate written offer could be drafted. On April 28, 1994, Madsen signed and presented to Davison a letter setting forth the proposed terms of employment for Davison with FastComm (the "Contract"). The Contract provided, *inter alia*, that "During the first 30 days [of Davison's employment], we will jointly develop an incentive bonus plan based on performance milestones."

Between April 28, 1994, and June 6, 1994, the parties had numerous discussions about the wording of the Contract. Davison refused to commence his employment with FastComm until the parties reached agreement on each of the terms of the Contract. During those discussions, Madsen assured Davison that the bonuses provision of the Contract was consistent with the terms upon which they had previously agreed. On June 6, 1994, Davison signed the Contract and commenced his employment with FastComm. Over the ensuing months, Davison and Madsen discussed potential "performance milestones," but no agreement on any such milestone was reached. No bonuses were paid to Davison until March 6, 1995, when he received a $25,000 bonus. This bonus was not described as a quarterly bonus, nor was it linked to any performance milestone as it was paid during FastComm's worst financial quarter of Davison's employment tenure. Davison's employment was terminated by FastComm in October 1995. No other bonuses were paid to Davison during his employment with FastComm.

Davison filed a Motion for Judgment against FastComm on March 13, 1997, alleging, *inter alia* breach of contract for FastComm's failure to confer each of the $25,000 quarterly bonuses discussed between Davison and Madsen.[1] Davison also asserted a claim for breach of contract based on FastComm's denial of certain stock options to which Davison was allegedly entitled pursuant to the parties' employment agreement. In February 1998, a multi-day jury trial was held. Both sides presented evidence concerning the bonuses plan, and the discussions between Madsen and Davison which took place prior to the execution of the Contract were admitted without objection. At the conclusion of trial, the jury found in favor of Davison on both the stock options and bonuses claims. FastComm then filed the instant motion. After considering the arguments of the parties presented orally and in writing, the

---

[1] No fraud claim was presented by Davison.

court denied FastComm's motion with respect to the stock options claim and took the issue of the bonuses claim under advisement.

## II. *The Parol Evidence Rule*

The parol evidence rule is a basic principle of contract law, which provides that prior or contemporaneous negotiations or stipulations are not admissible to vary or contradict the terms of a complete and unambiguous[2] written instrument. *See, Amos v. Coffey*, 228 Va. 88, 91-92 (1984); *McComb v. McComb*, 226 Va. 271, 274 (1983); 2 Charles E. Friend, *Law of Evidence in Va.* § 20-1 (4th ed. 1993). The parol evidence rule applies to both oral *and* written prior or contemporaneous stipulations. *Id.* § 20-1. Where a writing is clear and complete on its face, it is considered the whole contract between the parties, and no additional evidence will be allowed to construe the agreement. *Durham v. National Pool Equipment Co.*, 205 Va. 441, 446-47 (1964); *Coffey*, 228 Va. at 92. The Virginia Supreme Court, however, has recognized certain exceptions to the rule. Under the "partial integration doctrine," parol evidence may be admissible to show additional terms "not inconsistent with or contrary to" the writing, if the contract does not embody all prior or contemporaneous negotiations. *Durham*, 205 Va. at 447. Such terms must be "independent of and in addition to the written terms so that no merger has taken place." *Id.* In addition, pursuant to the "collateral contract doctrine," parol proof is admissible to establish a "prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing." *Pierce v. Plogger* 223 Va. 116, 119 (1982) (quoting *High Knob, Inc. v. Allen*, 205 Va. 503, 506-07 (1964)).

Although the parol evidence rule is commonly referred to and discussed in treatises on evidence, it is a principle of substantive contract law, not a rule of evidence. *Zehler v. E. L. Bruce Co.*, 208 Va. 796, 797, n. 2 (1968); *Whitt v. Godwin*, 205 Va. 797, 802 (1965); 2 Charles E. Friend, *Law of Evidence in Va.* § 20-1 (4th ed. 1993). Hence, where the parol evidence rule is applicable, parol evidence should not be considered on a proper post-trial motion to the court, even where it was admitted during trial without objection. *Zehler*, 208 Va. at 797, n. 2; *Whitt*, 205 Va. at 802.

---

[2] An ambiguity exists where the instrument is susceptible of being construed in more than one way, "or refers to two or more things at the same time." *Amos v. Coffey*, 228 Va. 88, 92 (1984).

FastComm argues that the Contract is a clear and unambiguous recitation of the parties' agreement on the bonuses issue. As such, FastComm asserts that under the parol evidence rule, any evidence of prior or contemporaneous discussions or stipulations, in writing or otherwise, cannot be considered by the Court for purposes of adjudicating the present motion, even though such evidence was admitted at trial without objection. Even if the Court were to conclude that the Contract is incomplete or ambiguous, FastComm further contends that the Court, under Virginia law, cannot consider parol evidence which is inconsistent with or contrary to the terms of the Contract. FastComm asserts that the alleged discussions between Madsen and Davison concerning an unconditional $25,000 per quarter bonus are inconsistent with and contrary to the plain language of the Contract. Moreover, FastComm asserts that Davison's receipt of a one-time $25,000 bonus in March, 1995 does not, in and of itself, establish Davison's entitlement to unconditional $25,000 quarterly bonuses.

Davison initially replies that parol evidence regarding the prior discussions between Madsen and Davison is admissible to supplement the terms of the Contract in order to establish the intent of the parties because the written contract was an incomplete recordation of the parties' agreement. Davison argues that any parol evidence establishing an agreement by FastComm to confer unconditional $25,000 quarterly bonuses was consistent with the Contract, as evidenced by Madsen's assurances between April 28, 1994, and Davison's execution of the Contract on June 6, 1994, that the bonuses provision in the Contract was consistent with their prior understanding.

Davison next asserts that the Contract was a mere memorialization of the agreement that he had already orally reached with Madsen. According to Davison, Madsen himself testified that he shared his personal notes from his luncheon with Davison with FastComm's Human Resources people so that they could "draft an employment letter offer that conformed with the terms that I had listed on the back of the business card." 2/10/98 Tr. at 1206. Relying on the Supreme Court's decision in *Snyder-Falkinham v. Stockburger*, 249 Va. 376 (1995) (where parties are fully agreed upon the terms of a settlement and intend to be later bound by it, the mere fact that the parties intend to sign a written document does not vitiate the initial agreement), Davison contends that the oral understanding that he reached with Madsen provides the legal basis to support the jury's finding on the bonuses issues.

Davison further contends that the conduct of the parties after the Contract was signed manifested an intent by Davison and FastComm to provide Davison with the unconditional bonuses. Davison points to the one-time bonus

he received in March, 1995 to support his position that the bonuses were not intended to be merit based.

Finally, Davison argues that because FastComm did not object to the parol evidence introduced at trial or move to strike the evidence with respect to the bonuses claim, it is precluded at this stage of the proceedings from contesting the sufficiency of the evidence. The Court disagrees with Davison.

This Court need not determine whether the bonuses provision in the Contract is incomplete or ambiguous as a matter of law, because, even if it were, parol evidence could only be admitted to supplement or explain the provision, not to contradict it. *Jim Carpenter Co. v. Potts*, 255 Va. 147, 155 (1998); *Anden Group v. Leesburg Joint Venture*, 237 Va. 453, 458 (1989); *Durham* 205 Va. at 447. The plain language utilized by the parties in the Contract tied bonuses to "performance milestones." At trial, Davison himself unequivocally testified that the parties "never finalized any performance milestones," 2/5/98 Tr. at 511, and that, "we didn't set any kind of performance milestones, no, but he did give me a bonus." *Id.* at 514. Davison is bound by his own admission that no performance milestones were ever set. *See, Henderson v. Henderson*, 255 Va. 122 (1998); *Massie v. Firmstone,* 134 Va. 450 (1922). Therefore, he can only recover on his bonuses claim if he was entitled to bonuses that were unrelated to any performance milestones. The parol evidence adduced at trial upon which Davison now relies, clearly contradicts the express language of the Contract. Consequently, the jury's verdict on the bonuses claim cannot be upheld on the basis that it may have reflected the intent of the parties.

Davison's reliance on *Snyder-Falkinham v. Stockburger* is misplaced. In *Stockburger*, the plaintiff had entered into an oral agreement with the defendants settling a legal malpractice dispute. The parties in that case contemplated that a formal writing encompassing the terms of the oral settlement would be subsequently drafted. Before the formal contract was executed, plaintiff decided to forego settlement in contravention of the oral agreement. The Virginia Supreme Court held that, even though the parties never signed a formal contract embodying the terms of the earlier compromise, plaintiff was still bound by her prior oral agreement. *Stockburger*, 249 Va. at 385. Unlike *Stockburger*, the Contract in the present case was not a "rubber stamp" of the earlier discussions between Madsen and Davison. Davison's own testimony established that there were numerous discussions about the wording of the Contract between April 28, 1994, and his execution of the document on June 6, 1994. His starting date at FastComm was in fact delayed until the parties could agree on the terms of his relationship with the Defendant

including a position on the Board of Directors. The evidence at trial was simply inconsistent with the *Stockburger* argument.

Furthermore, the conduct of the parties after the Contract was signed does not support Davison's position that he was entitled to the quarterly bonuses. Davison never alleged in his pleadings nor testified at trial that the parties modified the terms of the Contract by subsequently agreeing that he would receive quarterly bonuses of $25,000. *See Ted Lansing Supply Co., Inc. v. Royal Aluminum and Const. Corp.*, 221 Va. 1139 (1981). Only one $25,000 bonus was received during Davison's entire tenure with FastComm, and it was never described as a quarterly bonus. Although a written contract can subsequently be orally modified by the parties (*Stanley's Cafeteria, Inc. v. Abramson*, 226 Va. 68, 72-73 (1983); *see also, Jackson Hewitt v. Greene*, 865 F. Supp. 1199, 1202 (E.D. Va. 1994)), there is no evidence to support that contention in this case.

Davison's procedural arguments are also not persuasive. "[A] court on proper motion should disregard parol evidence admitted in contravention of the parol evidence rule, even if originally admitted without objection, because the parol evidence rule is a rule of substantive law rather than a rule of evidence." *Zehler v. Bruce*, 208 Va. at 797, n. 2; *see also, Whitt v. Godwin*, 205 Va. at 802. As such, FastComm's failure to object to the parol evidence at trial is not dispositive.

The Court also rejects Davison's argument that FastComm is barred from challenging the sufficiency of the evidence in a post-trial motion, because it failed to move to strike the evidence during trial on the ground relied upon in its post-trial motion. The decisions of the Court of Appeals, upon which Davison relies, *Cotter v. Commonwealth*, 21 Va. App. 453 (1995) (*en banc*); *McQuinn v. Commonwealth*, 20 Va. App. 753 (1995) (*en banc*); and *White v. Commonwealth*, 3 Va. App. 231 (1986), are inapposite. Each of those cases addressed whether an issue had been properly preserved for appeal, not whether a trial court could rule on the sufficiency of the evidence for the first time in a motion to set aside a verdict. As noted by Judge Benton in his dissent in *Cotter*, the Supreme Court has recognized the "[w]hile a motion to strike is an appropriate way of testing the sufficiency of relevant evidence to sustain an adverse verdict, it is not the only way. It has long been the practice in this jurisdiction to test the sufficiency of such evidence by a motion to set aside the verdict." *Cotter*, 21 Va. App. at 456 (quoting *Gabbard v. Knight*, 202 Va. 40, 43 (1960)). *See also, Norfolk So. Ry. v. Trimiew*, 253 Va. 22, 24 (1997). Accordingly, FastComm's procedural arguments are without merit.

## III. *Conclusion*

This Court is not unmindful of the jury's obvious determination that the testimony of Davison and his witnesses was more credible than the testimony of FastComm's witnesses. However, the parol evidence rule "is a principle founded in wisdom, and cannot be too carefully guarded. Upon its enforcement the certainty and sanctity of written contracts depend, and its violation would be destructive of the most solemn transactions of life." *May v. Bradley,* 201 Va. 295, 302 (1959) (quoting *Slaughter v. Smither,* 97 Va. 202, 204-05 (1899)). "The rule which excludes parol evidence when offered to vary the terms and conditions of an integrated written contract has nowhere been more strictly adhered to in its integrity than in Virginia." *Jim Carpenter Co. v. Potts,* 255 Va. at 155 (quoting *Pulaski Nat'l Bank v. Harrell,* 203 Va. 227, 233 (1962)). To allow the jury's verdict on the bonuses issue to stand would require this Court to ignore one of the most basic tenets of Virginia substantive law. The Court declines to do so. Accordingly, FastComm's motion to set aside the verdict is granted as to the bonuses claim but denied as to the stock options claim.