BOBBIE L. COTTER, s/k/a

BOBBY L. COTTER ·

v.

COMMONWEALTH OF VIRGINIA

No. 0367-93-2

Decided December 13, 1994

COUNSEL

H. Otis Brown, for appellant.

Robert B. Beasley, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General; Leah A. Darron, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The defendant appeals convictions of conspiring to distribute cocaine and of distributing cocaine. We hold that, while the evidence is sufficient to support the conviction for conspiracy, it was insufficient to support the conviction for distribution. We do so because the distribution of the cocaine made by the defendant's co-conspirator, his wife, was not shown to be part of the conspiracy between them.

A police informant testified concerning both the distribution of cocaine and the conspiracy. He had spoken on the telephone with the defendant, whom he had known for approximately a year. While discussing a purchase of cocaine, the defendant invited the informant to "come by" his trailer.

Two or three days later, the informant, whom the police had searched, fitted with a "body wire" and given $50 to purchase cocaine, went to the defendant's residence in the late afternoon. The defendant was not home. The informant then asked the defendant's wife for a half-gram of cocaine. The wife used scales located on the bedroom dresser to weigh a half-gram of cocaine, packaged it in a corner of a plastic bag, and gave it to the informant, in exchange for which he paid her $50. When the defendant returned home, the informant, who was still there, asked the defendant whether he could purchase an "8-ball" (3½ grams or one-eighth of an ounce). The defendant agreed, saying he would "have to go pick it up."

After departing, the informant returned to the police officer and gave him the cocaine he had purchased. The informant phoned the defendant, who said he needed thirty to forty-five minutes to "go get" an "8-ball" of cocaine. He then asked the informant, "Did you already get a price from [the defendant's wife]?" When the informant responded that he had not, the defendant said, "The price is 260." A police officer testified that the term "8-ball" is a slang term in the drug trade for a one-eighth ounce of cocaine, and that the customary price for an "8-ball" at that time was $260. The informant had no further contact with the defendant, and no sale took place between them.

The police searched the defendant, his residence, and his automobile. They found scales, plastic bags, a chart to convert ounces to grams, six ounces of marijuana, $90 in one-dollar bills in his car, and $2500 cash on his person.

At the conclusion of the Commonwealth's evidence, the defendant moved to strike, arguing that the evidence of distribution was insufficient because the defendant did not sell cocaine to the informant, and that the evidence of conspiracy to sell cocaine was insufficient because the defendant never used the word "cocaine." The court overruled the motion, and the defendant testified. The defendant neither renewed his motion to strike nor moved to set

aside the verdict.

## Rule 5A:18

■ The Commonwealth argues that this Court should not consider the defendant's appeal because he failed to renew his motion to strike at the conclusion of his own evidence. However, a party is no longer required to "make . . . an objection or motion again in order to preserve his right to appeal . . . a ruling" after having previously made such a motion "known to the court." Code § 8.01-384. *See McQuinn v. Commonwealth*, 19 Va. App. 418, 420, 451 S.E.2d 704, 705 (1994). Nevertheless, because the defendant presented evidence on his own behalf, we "consider the entire record." *Spangler v. Commonwealth*, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948).

The Commonwealth also contends that if this Court considers the question of sufficiency, it must consider only the specific grounds raised at trial. Rule 5A:18; *Floyd v. Commonwealth*, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) ("a general sufficiency objection does not, by itself, raise the issue whether a defendant was properly convicted of one or multiple crimes"). At trial, the defendant objected that the evidence of distribution was insufficient because the defendant's wife, not the defendant, sold cocaine to the informant. This objection assured that the trial court considered the question now raised on appeal, and we are not barred from considering it on appeal.

As to the indictment for conspiracy, the defendant argued at trial that the Commonwealth had not proven an agreement to sell cocaine because, although the two discussed an "8-ball," no evidence established that this term referred to cocaine. On appeal, the defendant argues that the Commonwealth failed to prove the existence of an agreement. Even if the objection at trial was insufficient to allow us to consider the issue raised on appeal, we find it necessary to decide if a conspiracy was proved in order to address the sufficiency of the evidence regarding the distribution charge. Therefore, we need not decide if the objection at trial was adequate to preserve this issue for appeal.

### Sufficiency of the Evidence

■ On review for the sufficiency of the evidence for a criminal conviction, we view the evidence and any reasonable inferences

therefrom in the light most favorable to the Commonwealth, and we will not set aside the jury's verdict unless it is plainly wrong or without evidence to support it. *Maynard v. Commonwealth*, 11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc) (citations omitted).

The defendant was not present when his wife sold the cocaine to the informant. Consequently, his conviction must be based on evidence of his criminal responsibility other than his committing the actual offense. Such responsibility would arise if he aided and abetted his wife in selling the cocaine or if his wife sold the cocaine in furtherance of a conspiracy between her and the defendant.

## Accessory

An accessory before the fact may be convicted and punished as if a principal in the first degree. Code § 18.2-18. An accessory before the fact is "one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as [a] contriver, instigator or advisor." *McGhee v. Commonwealth*, 221 Va. 422, 425, 270 S.E.2d 729, 731 (1980) (citation omitted). To be guilty as an accessory before the fact, the defendant must know or have reason to know of the principal's criminal intention and "must intend to encourage, incite, or aid the principal's commission of the crime." *Id.* at 427, 270 S.E.2d at 732.

The defendant's only involvement before the sale was his telephone conversation with the informant. While discussing the "purchase of cocaine," the defendant told the informant to "come by." This invitation, however, is ambiguous. One cannot infer from it that, beyond a reasonable doubt, the defendant intended to invite the informant to buy cocaine from the defendant's wife, rather than to invite the informant to buy cocaine from himself. Consequently, no evidence supports a finding that he aided or abetted the wife's sale of cocaine.

## Conspiracy

One may also be liable for the criminal act of another if the act arises from a conspiracy. A co-conspirator may be criminally liable for an act of another member of the conspiracy if the act is "done in the furtherance of the conspiracy" and can "be reasonably foreseen as a necessary and natural consequence of the" con-

spiracy. *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *see also Ascher v. Commonwealth*, 12 Va. App. 1105, 1128, 408 S.E.2d 906, 920 (1991), *cert. denied*, 113 S. Ct. 190 (1992).

The evidence supported a finding of a conspiracy between the defendant and his wife regarding the defendant's later attempt to sell an "8-ball" to the informant. During their second telephone conversation, the defendant asked the informant if he had obtained a price from the defendant's wife. The jury could have inferred from this question that the defendant and his wife had agreed to sell the "8-ball" to the informant. In fact, the verdict finding the defendant guilty of conspiracy could have been based only on that inference.

If the evidence also permitted the jury to find that the wife's sale of cocaine to the informant was "done in furtherance of the conspiracy," the defendant would be criminally liable. However, no evidence links the conspiracy regarding the sale of the "8-ball" to the wife's sale of cocaine to the informant. The only connection between the two is the fact that one offense shortly followed the other. The later offense, however, was in furtherance of the conspiracy, but no evidence established that a conspiracy existed when the wife's sale occurred.

The fact that the perpetrators of the two offenses were husband and wife does not, without more, permit one to infer that they conspired to commit both offenses. The fact that two people are paramours and living together does not eliminate the necessity to prove an agreement between them in order to establish a conspiracy. *Jones v. Commonwealth*, 11 Va. App. 75, 82, 396 S.E.2d 844, 848 (1990). A conspiracy, even one between husband and wife, requires a showing of an agreement between the conspirators. *See, e.g., Stumpf v. Commonwealth*, 8 Va. App. 200, 206, 379 S.E.2d 480, 484 (1989); *Henry v. Commonwealth*, 2 Va. App. 194, 197, 342 S.E.2d 655, 656 (1986).

The defendant's invitation to "come by" during his first telephone conversation with the informant does not, for the reasons we previously expressed, permit an inference that a conspiracy between the defendant and his wife existed at the time. The invitation was ambiguous. Was the defendant inviting the informant to "come by" to purchase cocaine from himself, or was he inviting the informant to purchase cocaine from his wife, or from the two

of them? One cannot conclude, beyond a reasonable doubt, that the invitation was intended to be the latter, and, thus, that the wife's sale was part of the conspiracy between the defendant and his wife.

■ Unquestionably, the defendant's conduct raises a suspicion that the conspiracy with his wife may have extended beyond the sale of the "8-ball." However, "a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." *Sutphin v. Commonwealth*, 1 Va. App. 241, 244, 337 S.E.2d 897, 898 (1985). In order to convict, the Commonwealth must exclude every reasonable hypothesis of innocence. *Cantrell v. Commonwealth*, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), *cert. denied*, 496 U.S. 911 (1990).

For these reasons, we conclude that the judgment of conviction for conspiring to distribute cocaine should be affirmed. However, we conclude that the judgment of conviction for distribution of cocaine should be reversed because the evidence does not support it.

*Affirmed in part, and reversed in part.*

Koontz, J., and Elder, J., concurred.