451 S.E.2d 704 (1994)
Mark Alexander McQUINN
v.
COMMONWEALTH of Virginia.
Record No. 1902-92-2.
Court of Appeals of Virginia.
December 13, 1994.
Rehearing Granted En Banc March 24, 1995.
*705 H. Pratt Cook, III, Richmond (Robert G. Cabell, Jr., on briefs), for appellant.
Eugene Murphy, Asst. Atty. Gen. (Stephen D. Rosenthal, Atty. Gen., on brief), for appellee.
Present: BARROW and BENTON, JJ., and COLE, Senior Judge.
BARROW, Judge.
In this criminal appeal, we conclude that the evidence was sufficient to support the defendant's convictions for conspiracy to commit robbery and attempted robbery. Furthermore, because of a recent legislative change, we are not barred from considering the defendant's challenge to the sufficiency of the evidence. Although the defendant did not move to strike the prosecution's evidence at the conclusion of his own evidence, he did make such a motion at the conclusion of the prosecution's evidence.

Preservation of the Issue on Appeal
The Commonwealth argues that we are barred from addressing the sufficiency of the evidence in this case because the defendant failed to renew his motion to strike the evidence at the conclusion of his own evidence. However, the defendant's motion at the conclusion of the Commonwealth's evidence was sufficient to preserve the question for review on appeal. Several of our prior decisions have addressed the question of the necessity of renewing a motion to strike after having made such a motion at the conclusion of the Commonwealth's evidence. See Day v. Commonwealth, 12 Va.App. 1078, 1079-81, 407 S.E.2d 52, 53-55 (1991); Campbell v. Commonwealth, 12 Va.App. 476, 480-81, 405 S.E.2d 1, 2-3 (1991); White v. Commonwealth, 3 Va.App. 231, 233, 348 S.E.2d 866, 867 (1986). A 1992 amendment to Code § 8.01-384 makes clear, however, that an objection need not be repeated in order to preserve an issue for appeal. A party is not required to "make [an] objection or motion again in order to preserve his right to appeal... a ruling" after having previously made such a motion "known to the court." Code § 8.01-384.
The General Assembly described its 1992 amendment as "declaratory of existing law." Acts of Mar. 30, 1992, ch. 564, Va.Acts 725. This declaration highlights the language already contained in Code § 8.01-384, providing that "it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action he desires the court to take or his objections to the action of the court." Code § 8.01-384. Thus, the legislature had already declared that which it found necessary to repeat in 1992, and it was, therefore, declaring "existing law."
One of our decisions may have generated the need for General Assembly action to redeclare the law on this subject. In White v. Commonwealth, 3 Va.App. 231, 348 S.E.2d 866 (1986), a panel of our Court found "no Virginia authority which directly addresses this issue." Id. at 233, 348 S.E.2d at 867. The panel's opinion did not consider Code § 8.01-384. Instead, it relied on the law of three other states and language in Spangler v. Commonwealth, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948), which predated the enactment of Code § 8.01-384, and held that the failure to renew a motion to strike after presentation of evidence by the defendant barred raising the issue of sufficiency on appeal. White, 3 Va.App. at 234, 348 S.E.2d at 868. A later, concurring opinion identified the conflict between White and Code § 8.01-384 and the inability of a panel to correct the problem because of the rule of stare decisis. Day v. Commonwealth, 12 Va.App. 1078, 1080-82, 407 S.E.2d 52, 54-55 (1991) (Barrow, J., concurring). The General Assembly chose to resolve the conflict by redeclaring the existing law in its 1992 amendment.
It is impossible to read the language of the amendment otherwise. The amendment does not redeclare the law as expressed in White because the language of the amendment *706 is contrary to the rule in White. The amendment redeclares the law as the legislature had stated it in Code § 8.01-384, which was enacted before the White decision.
Furthermore, the amendment recognizes that the purpose of the contemporaneous objection requirement is satisfied once the trial court has addressed the objection and the grounds therefor. Campbell, 12 Va.App. at 480, 405 S.E.2d at 2. The issue of the sufficiency of the evidence, once raised by a motion to strike made at the conclusion of the prosecution's evidence, remains the same after the presentation of the defendant's evidence, unless the defendant contends his or her evidence renders the prosecution's evidence insufficient as a matter of law. The issue remains the same because in both instances the court is required to view the evidence in the light most favorable to the prosecution. Therefore, if the defendant's evidence does no more than conflict with the prosecution's evidence and does not render it insufficient as a matter of law, the question of sufficiency does not change following presentation of the defendant's evidence. In such an instance, reconsideration of a motion to strike the evidence, once denied, is unnecessary.
However, if the defendant contends that his or her evidence renders the prosecution's evidence insufficient, such as when it establishes, as a matter of law, an affirmative defense or the incredibility of the prosecution's evidence, the issue of sufficiency raised after the defendant's evidence differs from that which existed at the close of the prosecution's evidence. This new issue is not preserved for appeal because the issue was not raised at the close of the prosecution's case. A motion to strike, therefore, dependent upon favorable consideration of the defendant's evidence, raises a different issue that cannot be preserved by an earlier motion which fails to raise that issue.
Of course, the contrary may occur. The defendant's evidence may supply a missing element which, although not recognized by the trial court, was absent when the motion to strike was made at the conclusion of the prosecution's case. A defendant's evidence may, in this way, strengthen a prosecution's case. Therefore, where a defendant introduces evidence that strengthens the prosecution's case, we "consider the entire record in reaching" our conclusion. Spangler v. Commonwealth, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948).
In summary, on appeal, the contemporaneous objection rule prevents our review of an issue of the sufficiency of the evidence only when the issue has not been preserved by prior presentation to the trial court. If the issue on appeal is identical to that presented to the trial court at the conclusion of the prosecution's evidence, we are not barred from considering it. We will, however, in deciding the question, consider any evidence presented later by the defendant if it tends to support the prosecution's case. If, however, the issue raised on appeal requires us to consider evidence favorable to the defendant and presented to the trial court after the motion to strike has been made at the conclusion of the Commonwealth's case, the issue on appeal necessarily differs from that presented to the trial court. In that case, we are barred from considering the issue, unless the defendant renewed the motion at the conclusion of his or her case and asserts the new basis for it.

Merits
The defendant's convictions arose out of his alleged participation in a homicide. On the day of the killing, a man named Okele had argued with the victim, had accused him of selling fake drugs, and had threatened the victim saying, "I'm going to get my money one way or the other." Later that day, an eyewitness saw Okele, the defendant, and another companion shoot at the victim. The victim struggled with Okele, broke free, and ran. Okele shot at him. The defendant then grabbed the gun and shot once at the victim. Finally, the other companion took the gun, shot twice, and the victim fell. He died from a single gunshot wound to his head.
The victim's father testified that the night following the homicide an eyewitness told him that "three guys either walked up to my son and demanded money or something." The court overruled the defendant's objection *707 that this evidence was hearsay and admitted the statement. Neither this witness, nor any other witness, testified directly that the defendant or either of his companions said anything to the victim, or that they took anything from the victim.

Consideration of the Hearsay Statement
The defendant did not appeal the trial court's ruling on the admissibility of the witness's statement to the victim's father. Therefore, we will not consider its admissibility in this appeal. See Patty v. Commonwealth, 218 Va. 150, 159, 235 S.E.2d 437, 442 (1977), cert. denied, 434 U.S. 1010, 98 S.Ct. 721, 54 L.Ed.2d 753 (1978); see also Buchanan v. Buchanan, 14 Va.App. 53, 56, 415 S.E.2d 237, 239 (1992). To do so would require us to rule on the issue without the benefit of briefs and argument and would deprive the parties of an opportunity to be heard on the question. Therefore, we cannot disregard this evidence in determining the sufficiency of the evidence to support the verdict. See Patty, 218 Va. at 159, 235 S.E.2d at 442. If we were to do so, we would effectively rule on an issue not properly before us.
Further, had the question of the admissibility of the evidence been raised and we held it inadmissible, we would reverse for a new trial, permitting the prosecution an opportunity upon retrial to introduce other available evidence, if any, relating to the issue. However, if we now exclude it from our consideration and find the evidence insufficient, we deprive the prosecution an opportunity to present other available evidence and, thus, reward the defendant for not raising the issue on appeal. See State v. Needham, 235 N.C. 555, 71 S.E.2d 29, 38 (1952); Lang v. State, 201 Ga.App. 836, 412 S.E.2d 866, 868 (1991). Therefore, in determining the sufficiency of the evidence, we include in our consideration the evidence of the witness's statement to the father.

Sufficiency of the Evidence
We must decide if the evidence permitted the jury to infer that the defendant and his companions conspired and attempted to rob the victim. The witness's statement is the only evidence which explains the encounter between the defendant, his companions, and the victim. Thus, if the jury could have inferred from the statement, beyond a reasonable doubt, that the defendant and his companions attempted to take, with intent to steal, the personal property of the victim, the evidence was sufficient to convict the defendant of attempted robbery and of conspiracy to rob the victim. See Jones v. Commonwealth, 13 Va.App. 566, 572, 414 S.E.2d 193, 196 (1992).
Although the statement, "three guys either ... demanded money or something," was ambiguous regarding what was demanded, this statement did not stand alone. The jury also considered evidence that earlier in the day, the defendant's companion, Okele, had confronted the victim, accused him of selling fake drugs, and told him that he would get his money "one way or another." If an inference supporting guilt is "no more likely to arise from a proven fact than one favoring innocence, the inference of guilt is impermissible." Morton v. Commonwealth, 13 Va.App. 6, 11, 408 S.E.2d 583, 586 (1991). However, if "other evidence also tends to prove the element of the crime, ... the probative weight of the inferred fact need be no greater than that required of any other evidence." Id. at 9-10, 408 S.E.2d at 584-85; see also United States v. Childs, 463 F.2d 390, 392 (4th Cir.), cert. denied, 409 U.S. 966, 93 S.Ct. 271, 34 L.Ed.2d 232 (1972). Thus, the witness's statement to the victim's father, combined with Okele's earlier threat to the victim, was sufficient to support a finding that the defendant, Okele, and the other companion attempted to take personal property from the victim. Such evidence, coupled with the evidence of force, was sufficient to support the conviction of attempted robbery.
Furthermore, Okele's threat also permitted the jury to infer that a conspiracy existed. The short time between the threat and the confrontation between the defendant, his companions, and the victim permitted the jury to infer that Okele had communicated with the defendant and the other companion and that they had agreed to attempt to retrieve Okele's money from the victim by force. Moreover, each of the three men took *708 the gun and shot at the victim, indicating that all three had a stake in the activity. To prove the existence of a conspiracy, the Commonwealth need not show a formal agreement; a conspiracy may be inferred from the overt actions of the parties, and "a common purpose and plan may be inferred from a `development and collocation of circumstances.'" Floyd v. Commonwealth, 219 Va. 575, 581, 249 S.E.2d 171, 175 (1978) (quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir.), cert. denied, 385 U.S. 838, 87 S.Ct. 87, 17 L.Ed.2d 72 (1966)).
In conclusion, the evidence was sufficient to support the convictions because evidence that the defendant, Okele, and another companion "demanded money or something," when considered with the further evidence that earlier in the day, Okele had threatened to get his money back from the victim, permitted the jury reasonably to infer that the demand was for money. Furthermore, the defendant's motion to strike preserved this issue for appeal, even though he did not specifically renew the motion at the conclusion of his own evidence. In evaluating this question we consider the entire record, including evidence to which the defendant objected but did not raise on appeal. The judgments of conviction are affirmed.
Affirmed.
BENTON, Judge, concurring and dissenting.
I concur in the part of the opinion styled "Preservation of the Issue on Appeal." However, for the reasons that follow, I would reverse the conviction.
The evidence proved that one of McQuinn's companions fired a gun at the victim, that McQuinn then fired the same gun at the victim, and that another of McQuinn's companions then used the same gun to shoot and kill the victim. The victim's father, who was not present at the incident, gave hearsay testimony over objection that he learned from a witness to the killing that "three guys either walked up to my son and demanded money or something." The majority concludes that the combination of that evidence proves that McQuinn conspired to commit robbery and attempted to commit robbery. I disagree that the evidence proved beyond a reasonable doubt an intent on the part of McQuinn to commit a robbery, and, therefore, I dissent.
Robbery is defined as the taking, through force or intimidation, of the personal property of another with the intent to permanently deprive that person of the property. Pettus v. Peyton, 207 Va. 906, 909-10, 153 S.E.2d 278, 280 (1967). A conspiracy to commit a crime requires proof of an agreement between two or more persons to commit the crime. Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991). "A conviction based upon a mere suspicion or probability of guilt, however strong, cannot stand." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).
The Commonwealth's primary witness testified that she was present during both confrontations with the victim. During the first confrontation, a man named Okele accused the victim of selling fake drugs to him and demanded that the victim return his money. When the victim refused, Okele threatened to kill him and left.
The Commonwealth contends that the argument over money and the sale of fake drugs the witness described proved that McQuinn conspired with Okele to commit robbery. However, the evidence is uncontradicted that McQuinn was not a party to the argument about money. The argument was between the victim and Okele, and it occurred earlier on the day of the shooting when McQuinn was not present. Furthermore, no evidence proved that McQuinn was aware of the argument. Whether McQuinn, Okele, and their other companion shared the common motive of robbery when they shot at the victim later that day is, from the evidence, only a matter of speculation.
The Commonwealth's primary witness further testified that she was present when Okele returned later that evening with McQuinn and another man. She testified that she was two and one-half feet away from the victim and that his assailants said nothing before they shot him. She also testified that she was the person who later saw the victim's father and related those events to *709 him. She then went with the victim's father to police headquarters to describe to the police the events she had witnessed.
Although the evidence was sufficient to prove that McQuinn shot at the victim in concert with his two companions, no evidence proved that he acted with the intent to deprive the victim of property. The majority relies on the father's hearsay testimony, from which McQuinn did not appeal, that the Commonwealth's primary witness told him that "three guys either walked up to my son and demanded money or something." The father's recitation of what he was told by the witness was ambiguous, however, and did not provide a basis upon which the jury could have inferred beyond a reasonable doubt McQuinn's intent to rob.
The father's testimony connotes either the father's uncertainty of what the witness related to him or the father's recollection of the witness's uncertainty of the events she related to the father. The record does not reveal what the victim's father meant by the word "either." The record also does not reveal what was meant by "or something." The jury had no basis upon which to conclude whether "something" referred to property or some other demand (i.e., ordered the victim to kneel, run, leave town, or "something"). Any inference that the import of the father's testimony was that McQuinn intended to rob the victim was, therefore, speculative.
Although circumstantial evidence may be used to prove a defendant's intent to commit robbery, "`[w]here inferences are relied upon to establish guilt, [those inferences] must point to guilt so clearly that any other conclusion would be inconsistent therewith.'" Moran v. Commonwealth, 4 Va.App. 310, 314, 357 S.E.2d 551, 553 (1987) (citations omitted). The father's testimony and the evidence of Okele's earlier threat to the victim are not sufficient to prove McQuinn's guilt. Even if a trier of fact could draw from the evidence an inference that Okele told McQuinn about the money, it could not then infer from that inference that McQuinn decided to help him commit robbery. The rule is well established that "[i]n order for inferences to amount to evidence they must be inferences based on facts that are proved, and not inferences based on other inferences." Smith v. Commonwealth, 185 Va. 800, 819, 40 S.E.2d 273, 282 (1946). See also Harrison v. Commonwealth, 211 Va. 8, 11, 174 S.E.2d 783, 785 (1970).
To sustain a conviction, the evidence must "exclude every reasonable hypothesis that the accused is innocent of the charged offense." Dickerson v. City of Richmond, 2 Va.App. 473, 477, 346 S.E.2d 333, 335 (1986). It is certainly reasonable that McQuinn knew nothing about Okele's earlier conversation with the victim concerning the money and that his participation in the shooting was independent of Okele's grudge. At best, the Commonwealth's evidence "creates merely a suspicion of guilt." Id. See also Moehring v. Commonwealth, 223 Va. 564, 567-68, 290 S.E.2d 891, 892-93 (1982) (holding that inferences that could be drawn from the evidence were insufficient to prove beyond a reasonable doubt criminal intent).
Because the evidence failed to prove that McQuinn conspired or attempted to commit robbery, I would reverse the convictions. Therefore, I respectfully dissent.
COLE, Senior Judge, concurring in part and dissenting in part.
I concur in that part of the opinion holding that the evidence is sufficient to support the convictions. I dissent to that part of the opinion holding that we are not procedurally barred from addressing the sufficiency of the evidence issue when the defendant fails to renew his motion to strike the evidence at the conclusion of his own evidence in a jury trial. My view is that the General Assembly did not change the law in 1992. In the act, the legislature stated specifically that it was not making a change in the law; rather, the legislature stated "the provisions of this act are declaratory of existing law." Act of Mar. 30, 1992, ch. 564, 1992 Va.Acts 725.
We first addressed this procedural issue in White v. Commonwealth, 3 Va.App. 231, 348 S.E.2d 866 (1986). In White, we held
that a defendant is barred on appeal from challenging the sufficiency of the evidence when he fails to renew his motion to strike the evidence after presenting his case, unless the record demonstrates that good cause exists or that consideration of this issue would enable this Court to attain the ends of justice.
3 Va.App. at 234, 348 S.E.2d at 868.
*710 This Court reaffirmed the holding in White in Day v. Commonwealth, 12 Va.App. 1078, 407 S.E.2d 52 (1991), when it stated:
This motion [to strike the evidence] was denied, and the appellant presented his evidence. He did not renew the motion at the conclusion of all the evidence. Therefore, his objection to the sufficiency of the evidence to establish venue was waived. See White v. Commonwealth, 3 Va.App. 231, 348 S.E.2d 866 (1986).
12 Va.App. at 1079, 407 S.E.2d at 53.
I do not believe the General Assembly changed the law clearly enunciated in White and Day, which has consistently been followed in this Court on many occasions in jury trials since 1986. The legislature is presumed to know the law in effect when it enacts subsequent laws. "In construing a statute the court should seek to discover the intention of the legislature as ascertained from the act itself when read in the light of other statutes relating to the same subject matter." Robert Bunts Eng'g & Equip. Co. v. Palmer, 169 Va. 206, 209, 192 S.E. 789, 790 (1937).
White and Day cannot be disregarded simply because they predate the 1992 amendment to Code § 8.01-384. The fact that White and Day predate the amendment does not weaken them; it strengthens them. This is so because
where the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein [and] where the General Assembly intends to countermand a decision of this Court it must do so explicitly.
Burns v. Stafford County, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984) (citations omitted).
In this case, the legislature had the benefit of White and Day when it drafted the 1992 amendment to Code § 8.01-384, and it could have, in effect, overruled White and Day in explicit terms if it had so intended.
The majority has ignored two important provisions of Code § 8.01-384. According to the majority opinion,
the legislature's 1992 amendment to Code § 8.01-384 makes clear that an objection need not be repeated in order to preserve an issue for appeal. A party is not required to "make ... an objection or motion again in order to preserve his right to appeal ... a ruling" after having previously made such a motion "known to the court."
The final sentence in paragraph (A) of Code § 8.01-384 states in pertinent part: "Arguments made at trial via ... oral argument reduced to transcript ... shall, unless ... waived, be deemed preserved therein for assertion on appeal." (Emphasis added.) Likewise, the Acts of Assembly, incorporated in The Michie Company's version of the Code as an editor's note, contains an additional subsection 2 that states: "the provisions of this act are declaratory of existing law." Act of Mar. 30, 1992, ch. 564, 1992 Va.Acts 725.
I believe that the General Assembly was aware of the holdings in White and Day, as well as the procedural bar based upon "waiver" when a defendant puts on evidence. Yet, in the 1992 amendment, the General Assembly expressly provided for "waiver" and specifically demonstrated its intention not to change any existing law, including White and Day. Because the General Assembly has not changed White and Day, this panel is bound by the holdings in those cases by virtue of the rule of stare decisis. Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990).
The majority relies upon Spangler v. Commonwealth, noting the language we "consider the entire record in reaching [our] conclusion." 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948). This reliance on Spangler is misplaced. The trial record in Spangler, as maintained by the Supreme Court of Virginia, discloses that, after the Commonwealth rested its case, counsel for petitioner moved the court to strike the evidence on the ground that it was insufficient to warrant a conviction. Because Spangler involved a bench trial, the trial court delayed ruling upon this motion at that time.
At the conclusion of the evidence for the Commonwealth and again at the conclusion of all the evidence, the defendant moved the [trial] court to strike the evidence for the Commonwealth upon two grounds:
(1) the evidence being insufficient to sustain a verdict of guilty, and
*711 (2) the promise of marriage as alleged by the prosecutrix was not corroborated as required by Section 4413 of the Code.
813 Records and Briefs of the Supreme Court of Appeals of Virginia, Record No. 3414, at 61-62 (1948).
Both motions were taken under advisement by the trial court, and, at a later date, both motions were overruled. On appeal to the Supreme Court, Spangler assigned as error the overruling of his "motion to strike the evidence of the Commonwealth at the conclusion of the Commonwealth's evidence or when he rested his case for the reasons assigned [in] the record." Id. at 3.
In discussing the trial record, the Supreme Court in Spangler stated:
When a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion. Plaintiff's case may be strengthened by defendant's evidence. If thereafter a motion is made to strike the evidence or to set aside the verdict, the court must consider the entire record in reaching its conclusion.
188 Va. 438, 50 S.E.2d at 266.
It is significant that the Supreme Court said nothing about the case in which the defendant did not make a motion to strike at the conclusion of all the evidence or did not make a motion to set aside the verdict. These issues were not before the Court. The Court clearly stated that the first motion to strike was waived when the defendant chose to put on evidence in his own defense. An examination of the record in Spangler and the issues before the Court does not support the majority opinion. Instead, the record in Spangler supports this Court's holdings in White and Day.
Because the defendant presented evidence but failed to renew his motion to strike, he did not preserve for appeal the issue of the sufficiency of the evidence. Therefore, I would dismiss this appeal under Rule 5A:18. The importance of Rule 5A:18 is articulated in Lee v. Lee, 12 Va.App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).
Regarding the merits of the case, I find the evidence sufficient to support the convictions and concur with the majority's result affirming the convictions. However, I would affirm for a different reason, namely, the appellant's failure to properly preserve the issue for appeal.

UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT
On December 22, 1994, came the appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on December 13, 1994, and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on December 13, 1994, is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.