Tuesday        19th

Bobbie L. Cotter, s/k/a
 Bobby L. Cotter,                                        Appellant,

 against        Record No. 0367-93-2
                Circuit Court Nos. F212-92 and F213-92

Commonwealth of Virginia,                               Appellee.


Upon a Rehearing En Banc

Before Chief Judge Moon, Judges Baker, Benton, Coleman,
Willis, Elder, Bray, Fitzpatrick, Annunziata and Overton


H. Otis Brown for appellant.

Leah A. Darron, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Robert B. Beasley, Jr., Assistant Attorney
General, on brief), for appellee.


On December 13, 1994, a panel of this Court affirmed
appellant's conviction for conspiracy to distribute cocaine and
reversed his conviction for distribution of cocaine. Cotter v.
Commonwealth, 19 Va. App. 382, 452 S.E.2d 20 (1994). A rehearing en
banc was granted by this Court and heard on November 16, 1995. This
case is controlled by McQuinn v. Commonwealth, 20 Va. App. 753, 460
S.E.2d 624 (1995)(en banc), which was decided subsequent to the panel
decision. Here, as in McQuinn, appellant moved to strike the evidence
at the conclusion of the Commonwealth's case but failed to do so at
the conclusion of all the evidence. Appellants in both cases moved to
set aside the jury's verdict. In McQuinn the only reason given for
the motion to set aside the verdict was that the verdict was "contrary
to the law and the evidence." In the case before us, the court's

order stated that the motion to set aside the verdict was made "for the reasons stated to the record."  The record, however, contains no "reasons" for the motion and at oral argument counsel conceded that the reason given was that the verdict was contrary to the law and the evidence.

For the foregoing reasons and the reasons stated in McQuinn, the opinion previously rendered by a panel of this Court is withdrawn, the mandate entered on that date is vacated and the judgment of the trial court is affirmed.  The appellant shall pay to the Commonwealth thirty dollars damages.

_____
Benton, J., dissenting.


I do not agree that McQuinn v. Commonwealth, 20 Va. App. 753, 460 S.E.2d 624 (1995)(en banc), compels the result that the majority reaches in this case.  That decision addressed the following procedural circumstance:

> At the conclusion of the presentation of the Commonwealth's evidence, McQuinn moved the trial court to strike the evidence on the ground that it was insufficient to prove the charges against him.  The trial court denied that motion and McQuinn presented evidence.  He did not renew his motion to strike at the conclusion of all the evidence.

Id. at 755, 460 S.E.2d at 625.  In McQuinn, we held "that by presenting evidence, McQuinn waived his motion to strike the evidence and that by failing to present the sufficiency issue to the trial court in the context of all the evidence, he failed to preserve that issue for appeal."  Id.

Nothing in this Court's en banc opinion, or in the panel

-2-

opinion that it overturned, see McQuinn v. Commonwealth, 19 Va. App. 418, 451 S.E.2d 704 (1994), indicated that McQuinn's counsel made a motion to set aside the verdict. Indeed, the panel's opinion was clearly based upon the premise that "[a]lthough the defendant did not move to strike the prosecution's evidence at the conclusion of his own evidence, he did make such a motion at the conclusion of the prosecution's evidence." Id. at 420, 451 S.E.2d at 705. Solely upon that procedural posture, the panel's majority ruled that "the defendant's motion at the conclusion of the Commonwealth's evidence was sufficient to preserve the question for review on appeal." Id. Furthermore, the opinion dissenting from the panel's decision did not refer to a motion to set aside the verdict. The dissent also was premised upon "the case in which the defendant did not make a motion to strike at the conclusion of all the evidence or did not make a motion to set aside the verdict." 19 Va. App. at 431, 451 S.E.2d at 711.

Although this Court's en banc decision in McQuinn reversed the panel's decision, this Court did not preclude review when the sufficiency of the evidence was challenged in a motion to set aside the verdict. It stated the following rule:

> A motion to strike, made at the conclusion of the Commonwealth's evidence, addresses the sufficiency of proof within the context of that evidence. If the accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence. Thus, the original motion to strike is no longer applicable because it addresses a superseded context. If the accused intends to present the issue of sufficiency to the trial court at the conclusion of all the evidence, he must do so by new or renewed motion, made in the context of all the

evidence.

> McQuinn failed to present the sufficiency
> issue to the trial court in a context upon
> which it could rule and thereby failed to
> preserve that issue for appeal.

20 Va. App. at 757, 460 S.E.2d at 626.

The principle is well established in Virginia that a motion
to set aside a verdict is adequate to challenge the sufficiency of the
evidence.

> While a motion to strike is an appropriate
> way of testing the sufficiency of relevant
> evidence to sustain an adverse verdict, it
> is not the only way.  It has long been the
> practice in this jurisdiction to test the
> sufficiency of such evidence by a motion to
> set aside the verdict.

Gabbard v. Knight, 202 Va. 40, 43, 116 S.E.2d 73, 75 (1960).

The record establishes that at the conclusion of the
Commonwealth's case, Cotter's counsel made motions to strike both the
conspiracy charge and the distribution charge.[1]  After the jury
returned its verdict, Cotter's counsel again challenged the
sufficiency of the evidence when he "moved to set aside the jury's

---

[1]The motions in their entirety were as follows:

> I have a motion.  Judge, we move to strike
> both charges because if you look at the
> evidence presented by the Commonwealth,
> there was no sale made by the defendant
> to the informant, sale was made by Betty
> Cotter, not by Bobby Cotter.  So, in the
> distribution charge we move to strike on
> those particular grounds.  And, on the
> conspiracy charge we move to strike,
> there's been no evidence that the
> defendant ever agreed to sell cocaine to
> anyone including the informant.  There
> was talk about 8-ball, but it was never
> shown that the defendant ever used the
> term to mean cocaine.  So, we would
> strike both those indictments on those
> grounds.

verdict for the reasons stated to the record."  The trial judge overruled the motion.  Thus, this record clearly establishes that the issue of the sufficiency of the evidence was renewed for the reasons previously stated, was ruled upon by the trial judge, and was appropriately preserved for appeal.

For the reasons set forth in the previous panel decision of this case, see Cotter v. Commonwealth, 19 Va. App. 382, 452 S.E.2d 20 (1994), I would hold that the issues of sufficiency of the evidence were properly preserved for appeal, that the evidence supports the conviction for conspiring to distribute cocaine, and that the evidence did not prove beyond a reasonable doubt that Cotter distributed cocaine.

———————————————————

The trial court shall allow court-appointed counsel for the appellant a total fee of $600 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be published and certified to the trial court.

Costs due the Commonwealth
 by appellant in Court of
 Appeals of Virginia:

    Attorney's fee      $600.00      plus costs and expenses
    Filing fee            25.00

                    A Copy,

                        Teste:

                            Cynthia L. McCoy, Acting Clerk

                        By:

                            Deputy Clerk