COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


GEORGE DOUGLAS YOUNG, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1228-00-2          JUDGE RICHARD S. BRAY
                                         MAY 15, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                      William L. Wellons, Judge

            (Robert H. Morrison, Bennett & Morrison,
            P.L.C., on brief), for appellant.  Appellant
            submitting on brief.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     George Young, Jr. (defendant) was convicted in a bench trial

of conspiracy to distribute cocaine, possession of cocaine with

intent to distribute, possession of a firearm while in possession

of cocaine and possession of marijuana, all "on or about

January 27, 1998 through January 30, 1998."  On appeal, defendant

challenges the sufficiency of the evidence to support the

convictions for possession of cocaine and related possession of a

firearm.  We disagree and affirm the trial court.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

                                I.

In reviewing the sufficiency of the evidence, we consider the record, "in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).  "[T]he fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts [but] may reject that which it finds implausible, [and] accept other parts which it finds believable."  Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citation omitted).  Thus, the credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

Viewed accordingly, the instant record discloses that, on January 30, 1998, Jimmy Thomas, special agent for the Virginia Department of Alcoholic Beverage Control, and Halifax County Police Sergeant Richard Pulliam executed a search warrant at a residence in the town of Virgilina.  Entering the residence

                                -

"through the front door . . . into a hallway," Thomas observed defendant asleep on "a bed in the middle of the living room." Five other persons, including Mack Kincy, were gathered in "a smaller room" adjacent to and at "the back of the living room."

The resulting search yielded an array of contraband, including a "nine millimeter semiautomatic pistol," a "forty caliber semiautomatic pistol," cocaine, marijuana, large amounts of cash, cellular phones, pagers, razor blades, and "marked money . . . from a controlled buy." Defendant concedes on brief that "the majority of these items . . . were in plain view and laying about the [smaller] room," within several feet of defendant. Searching defendant's person, police discovered $163 in his pocket, which he explained was won "playing cards," but no drugs or weapons.

Interviewed by police, defendant admitted smoking marijuana earlier in the evening. Defendant denied selling drugs on the day of the search, although he had witnessed twelve people purchase drugs from others at the house and had advised a person seeking drugs to "hold up," while he summoned Mack Kincy from "inside" to make the sale. However, defendant admitted distributing crack cocaine the preceding evening, including trading the drug for a shotgun, a transaction observed by Pulliam during his undercover surveillance. Defendant acknowledged his fingerprints would appear on the razor blades and "guns," because he had "busted open cigars" with the razor blades and had "touched all" the weapons.

-

Mack Kincy testified defendant "sometimes . . . would stay" at the residence, a house "used . . . for selling cocaine" by several persons, including defendant, and sold cocaine on several occasions during the period embraced by the subject indictment. Kincy noted defendant regularly purchased the drug for resale, both from another resident and a "person that lived upstate."

On appeal, defendant challenges the sufficiency of the evidence to establish "that [he] constructively possessed the cocaine confiscated . . . during the raid at issue," together with firearms, although he does not contest the related conviction for conspiracy to distribute cocaine.

II.

Actual or constructive possession of drugs and firearms will support a conviction for such offenses. Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (1994) (en banc). The principles that govern a determination of constructive possession of illegal drugs also apply to like possession of a firearm. Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Logan, 19 Va. App. at 444, 452 S.E.2d at 368-69 (citation omitted). "[P]ossession need not always be exclusive.

-

The defendant may share it with one or more" persons and "[t]he duration of the possession is immaterial." Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974). "[P]roof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property . . ., the person necessarily knows of the presence, nature and character of the [item] that is found there." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

Here, defendant confessed to trading crack cocaine[1] for a shotgun and other cocaine sales during the several days immediately preceding the search, January 30, 1998, assisting Kincy in a cocaine sale earlier that day, and handling both drug paraphernalia and firearms found scattered about the home. Defendant's statements, his continuing involvement with others in the distribution of cocaine from the premises and the related possession of firearms were corroborated by the testimony of Kincy. Such evidence clearly established defendant actually and

---

[1] In the absence of a certificate of chemical analysis, defendant contends the Commonwealth failed to prove the substance traded for the shotgun was cocaine. However, "[t]he nature of an illegal substance may be demonstrated by circumstantial evidence." Myrick v. Commonwealth, 13 Va. App. 333, 339-40, 412 S.E.2d 176, 179 (1991). Defendant admitted trading "cocaine" for the shotgun, and the transaction occurred in a house dedicated to sale of the drug, harboring several persons, including defendant, then conspiring in such distribution. Thus, the record sufficiently established the identity of the substance traded and otherwise sold by defendant.

-

constructively possessed both cocaine and firearms during the period embraced by the indictment, January 27 through 30, 1998.

Further, "[a] co-conspirator may be criminally liable for an act of another member of the conspiracy if the act is 'done in the furtherance of the conspiracy' and can 'be reasonably foreseen as a necessary and natural consequence of the' conspiracy." Cotter v. Commonwealth, 19 Va. App. 382, 386, 452 S.E.2d 20, 22 (1994). The Commonwealth proved defendant's co-conspirators possessed the cocaine and firearms discovered in the house during the search, all in furtherance of the conspiracy to distribute cocaine, criminal conduct that renders defendant equally culpable.

Accordingly, the evidence sufficiently supported the convictions, and we affirm the trial court.

Affirmed.

-