COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

TERRELL JERMAINE WHITLEY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0839-12-1                  JUDGE ROBERT J. HUMPHREYS
                                                FEBRUARY 26, 2013

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                            Carl E. Eason, Jr., Judge

            Barrett R. Richardson (Richardson and Rosenberg, LLC, on brief),
            for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Terrell Jermaine Whitley ("Whitley") was convicted of robbery in violation of

Code § 18.2-58 and conspiracy to commit robbery in violation of Code § 18.2-22 in the Circuit

Court of the City of Suffolk ("trial court").  On appeal, Whitley argues "the trial court committed

reversible error by overruling defense counsel's motion to strike the evidence on the indictments

of robbery and conspiracy to commit robbery, as Whitley did not commit conduct to find him

guilty beyond a reasonable doubt as a principle [sic] in the second degree."  For the reasons that

follow, this Court affirms the judgment of the trial court.

                                    I.  Analysis

        We start by noting the standard of review for an appeal of a criminal conviction that

challenges the sufficiency of the evidence.  This Court must "review the evidence in the light

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Because
this is an unpublished memorandum opinion that carries no precedential value and the parties are
fully conversant with the record, we recite only those facts relevant to our analysis.

most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. The judgment appealed from will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

## A. Robbery

Whitley was convicted of robbery in violation of Code § 18.2-58. This statute defines the punishment for robbery, but it does not set forth the elements of the offense. Therefore, we must look to its common law definition to determine the elements of the offense. At common law, robbery "is defined as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Ali v. Commonwealth, 280 Va. 665, 668, 701 S.E.2d 64, 66 (2010) (quoting Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605 (1973)).

While it is clear that Whitley did not personally rob the Bayport Credit Union, we find that he was properly convicted of robbery as a principal in the second degree. For all felonies in Virginia, "every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree . . . ." Code § 18.2-18. "'A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance.'" Spradlin v. Commonwealth, 195 Va. 523, 526, 79 S.E.2d 443, 445 (1954) (quoting Minor's Synopsis Crim. Law, 11). As Whitley points out,

> "[m]ere presence when a crime is committed is, of course, not
> sufficient to render one guilty as aider or abettor. There must be
> something to show that the person present and so charged, in
> some way procured, or incited, or encouraged, the act done by the
> actual perpetrator. But whether a person does in fact aid or abet
> another in the commission of a crime is a question which may be
> determined by circumstances as well as by direct evidence."

Shiflett v. Commonwealth, 151 Va. 556, 561, 145 S.E. 336, 338 (1928) (quoting Brown v.

Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921) (citation omitted)).  Thus, we have

previously held that

> "proof that a person is present at the commission of a crime
> without disapproving or opposing it, is evidence from which, in
> connection with other circumstances, it is competent for the jury to
> infer that he assented thereto, lent to it his countenance and
> approval, and was thereby aiding and abetting the same."

Pugliese v. Commonwealth, 16 Va. App. 82, 93-94, 428 S.E.2d 16, 25 (1993) (quoting Foster v.

Commonwealth, 179 Va. 96, 99-100, 18 S.E.2d 314, 316 (1942)).

In this case, it is clear that Marcus Brinkley ("Brinkley") robbed the Bayport Credit

Union.  It is also clear that Whitley was present in the getaway car before and after this robbery

took place.  However, as mere presence alone is not enough to make Whitley a principal in the

second degree, the question is whether there was sufficient evidence from which the fact finder

could conclude that Whitley "in some way procured, or incited, or encouraged, the act done by

the actual perpetrator."  Shiflett, 151 Va. at 561, 145 S.E. at 338.  Upon review of the record, we

find that there is sufficient evidence from which a reasonable fact finder could conclude as much.

Whitley, although not the driver, was part of the getaway team.[1]  He was present during

the planning, he remained with Wilson, whom he knew was waiting to serve as the getaway

driver, and he reentered Wilson's car, with Wilson behind the wheel, when they saw Brinkley

---

[1] As we noted in Pugliese,

> while mere presence at the scene of a crime or knowledge that a
> crime is going to be committed does not constitute aiding and
> abetting, accompanying a person with full knowledge that the
> person intends to commit a crime and doing nothing to discourage
> it bolsters the perpetrator's resolve, lends countenance to the
> perpetrator's criminal intentions, and thereby aids and abets the
> actual perpetrator in the commission of the crime.

Pugliese, 16 Va. App. at 94, 428 S.E.2d at 25.

and Andre Baker ("Baker") fleeing the scene of the robbery. Whitley expressly told Investigator Joyner that "they were going to pick [Brinkley and Baker] up" following the robbery. Although Whitley said Wilson went into the Verizon store, Whitley admitted that when he saw Brinkley and Baker running down opposite sides of the street that he and Wilson got back into Wilson's car and picked up Brinkley and Baker. Also, the principal in the first degree, Brinkley, gave Whitley the same amount of money he gave to the lookout, Baker, permitting the inference that Whitley performed an act of similar value to the accomplishment of the overall criminal goals by assisting the getaway driver. Therefore, we find that the trial court did not err in finding him guilty of robbery as a principal in the second degree.

### B. Conspiracy to Commit Robbery

In addition to his conviction for robbery, the trial court convicted Whitley of conspiracy to commit robbery. Conspiracy is set forth in Code § 18.2-22 which states, in relevant part,

> [i]f any person shall conspire, confederate or combine with another, either within or without this Commonwealth, to commit a felony within this Commonwealth, or if he shall so conspire, confederate or combine with another within this Commonwealth to commit a felony either within or without this Commonwealth, he shall be guilty of a felony . . . .

"'Conspiracy is defined as an agreement between two or more persons by some concerted action to commit an offense.'" Combs v. Commonwealth, 30 Va. App. 778, 787, 520 S.E.2d 388, 392 (1999) (quoting Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993)). "Because most conspiracies are 'clandestine in nature,' by 'the very nature of the offense, it often may be established only by indirect and circumstantial evidence.'" James v. Commonwealth, 53 Va. App. 671, 678, 674 S.E.2d 571, 575 (2009) (quoting 2 Wayne R. LaFave, Substantive Criminal Law § 12.2(a), at 266 (2d ed. 2003); Wright v. Commonwealth, 224 Va. 505, 506, 297 S.E.2d 711, 713 (1982)). Thus, "[p]roof of an explicit agreement is not required." Combs, 30 Va. App. at 787, 520 S.E.2d at 392. Rather, "'conspiracy may be inferred

- 4 -

from the overt actions of the parties, and a common purpose and plan may be inferred from a development and collocation of circumstances.'" Id. at 787, 520 S.E.2d at 392-93 (quoting McQuinn v. Commonwealth, 19 Va. App. 418, 425, 451 S.E.2d 704, 708 (1994)).

Here, the trial court found that Whitley "did enter into an agreement by [his] actions not by words, by [his] actions to commit a robbery." The trial court reasoned that Whitley was present and hung "around the area and share[d] in the proceeds" of the robbery. We are bound by this finding unless it is plainly wrong or without evidence to support it. McGee, 4 Va. App. at 322, 357 S.E.2d at 740. We find that there is sufficient evidence to support this finding. Whitley admitted he was present when Brinkley discussed his intention to rob the bank. Even though the record does not reflect that Whitley said anything when Brinkley discussed the plan, Whitley knew that his role in the robbery was to wait with Wilson in the vehicle to pick up Brinkley and Baker. Whitley then played the role, as he waited with the vehicle until Brinkley and Baker came running towards them after the robbery. We have previously said that "[w]here two or more people act to pursue the same object, . . . 'one performing one part and the other performing another part so as to complete it or with a view to its attainment, [the fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object.'" Combs, 30 Va. App. at 788, 520 S.E.2d at 393 (quoting Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987)). Therefore, under the facts of this case, we find that the trial court did not err in finding Whitley conspired to commit robbery.

## II. Conclusion

Because there was sufficient evidence from which a reasonable fact finder could have concluded that Whitley committed robbery as a principal in the second and conspiracy to commit robbery, we affirm the judgment below.

Affirmed.