**Salem**

JAMES WARREN BROWN, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0934-87-3

Decided July 25, 1989

COUNSEL

Richard Cunningham (David D. Embrey, Johnson & Cunningham, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—This criminal appeal presents the questions whether accomplice testimony was uncorroborated, requiring the trial court to give a cautionary jury instruction, and whether the evidence was sufficient to prove that James Warren Brown, Jr. was guilty of robbery. Brown appeals his convictions of armed robbery and the use of a firearm during the commission of a rob-

bery. He contends that the trial court erred (1) in refusing two jury instructions, one of which would have told them that the uncorroborated testimony of an accomplice is to be received with great caution and warning them of the danger in basing their verdict on unsupported testimony, and the other telling them that the testimony of two or more accomplices does not corroborate one another;[1] and (2) in refusing to set aside the jury's verdict due to insufficient evidence to support the convictions. Finding no merit in either contention, we affirm the trial court.

At Brown's trial, Robin Tuggle, the night auditor at the Lynchburg Hilton Hotel, testified that at approximately 1:00 a.m. on March 25, 1987, two men robbed her at gunpoint. She was able to give only a general description of them. Although they were not masked, she could not identify either man, but she did testify that one robber had shoe polish on his face. She also testified that the gun which one robber pointed at her had a silver colored barrel.

Two alleged accomplices in the robbery, Scotty Harris and Danny Ray Johnson, testified for the Commonwealth and implicated Brown as one of the two people who entered the Hilton and robbed Tuggle. Both Harris and Johnson admitted that they agreed to testify on condition that the Commonwealth's attorney would recommend a specific sentence for their participation in the robbery. Both Harris and Johnson testified in detail how they, together with Brown, planned the robbery, purchased rope from Krogers to bind the clerk and shoe polish to disguise their faces, and drove from Johnson's townhouse in his car to the Hilton

---

[1] The trial court refused Instructions F and G, as follows:

INSTRUCTION F

The Court instructs the jury that, while they may find a verdict upon the unsupported testimony of an accomplice, such evidence is to be received with great caution, and the court, in this case, warns the jury of the danger of basing a verdict on the unsupported testimony of an accomplice.

The Court further instructs the jury that the testimony of an accomplice must be received with great care and caution, and if you believe the testimony of an alleged accomplice was false, and that he was induced to testify falsely either by fear of punishment or hope of reward, you must disregard that testimony in its entirety.

INSTRUCTION G

The Court instructs the jury that if two or more accomplices are produced as witnesses, they are not deemed to corroborate each other, but the same rule is applied, and the same corroboration is required as if they were but one.

where Johnson and Brown entered and robbed Tuggle. They placed the money and items from the robbery in a tote bag. According to them, Brown was armed with a "silver plated and brown handle" .38 caliber handgun. After the robbery the three men returned to Johnson's townhouse where they divided the money.

Lydia Crews, who lived with Johnson at his townhouse, testified that about 11:30 p.m. on March 24, Johnson, Harris and Brown left in Johnson's automobile and returned about one to one and a half hours later. She testified that after they parked they kept running back and forth carrying gym bags from the car. She testified that Johnson appeared to have soot on his face and the next morning she found wash cloths covered with what appeared to be soot. She testified that about a week later Brown inquired of her what the police who were investigating the robbery knew about the details. He specifically asked her whether they mentioned having found a nickel plated gun. When she asked why he was concerned, he responded that his prints might be on the gun. Evidence was introduced that during the investigation Brown gave a false account to a police investigator of his whereabouts on the evening of the robbery. Officer Wingfield testified that Brown told him he was working on the evening that Tuggle was robbed; however, Brown's employer testified that according to the weekly time records Brown did not work that evening.

## I.

## INSTRUCTIONS F AND G

In Virginia the uncorroborated testimony of an accomplice is sufficient without more to convict a person accused of a crime. *Johnson v. Commonwealth*, 224 Va. 525, 527, 298 S.E.2d 99, 101 (1982); *see also Yates v. Commonwealth*, 4 Va. App. 140, 143, 355 S.E.2d 14, 15 (1987). However, when an accomplice's testimony is uncorroborated the trial court is required to give a cautionary instruction, warning the jury of the danger in convicting the defendant upon such testimony. *Dillard v. Commonwealth*, 216 Va. 820, 821, 224 S.E.2d 137, 139 (1976). The rationale for cautioning the jury is that the "accomplice testimony is tainted with the temptation to exculpate oneself by laying the crime upon another." *Id.*; *see also Johnson v. Commonwealth*, 2 Va. App. 598, 604, 347 S.E.2d 163, 166 (1986). But when the

accomplice's testimony implicating the defendant is corroborated by independent evidence the need to warn the jury is diminished, and the trial court is not required to give a cautionary jury instruction. *Dillard*, 216 Va. at 821, 224 S.E.2d at 139; *see also Clark v. Commonwealth*, 219 Va. 237, 242, 247 S.E.2d 376, 379 (1978).

■ To corroborate an accomplice's testimony, independent evidence must relate "to some fact which goes to establish the guilt of the accused" or "tends to connect" the accused with the crime. *Allard v. Commonwealth*, 218 Va. 988, 990, 243 S.E.2d 216, 217 (1978). However, the independent corroborative evidence, "standing alone, need not be sufficient either to support a conviction or to establish all the essential elements of an offense. If those were the requirements, and the Commonwealth had at hand independent evidence sufficient to satisfy them, then the need to use accomplice testimony would not arise." *Dillard*, 216 Va. at 823, 224 S.E.2d at 140. Therefore, trial courts are not required to give cautionary instructions where there is corroborative evidence of a material fact which "tend[s] to connect the accused with the crime, sufficient to warrant the jury in crediting the truth of the accomplice's testimony." *Clark*, 219 Va. at 242, 247 S.E.2d at 379 (quoting *Dillard*, 216 Va. at 823, 224 S.E.2d at 140).

The testimony of Lydia Crews provides sufficient independent evidence which "tends to connect" Brown with the crime and, thus, corroborates the incriminating testimony of the accomplices, Scotty Harris and Danny Ray Johnson. Crews testified to several particulars that substantiated the details of the robbery as accounted by both Harris and Johnson. She verified that on the evening of the robbery the three men left Johnson's townhouse at a time shortly before the robbery occurred and returned within a short time after the robbery. She observed the three men carrying gym bags from Johnson's car, which corroborated the accomplices' account of the method used to carry the money from the robbery. Crews' observations of what appeared to be soot on Johnson's face and on wash cloths verified the accomplices' account that they used shoe polish to disguise their faces. Her testimony that Brown inquired of her concerning the police investigation of the robbery, his inquiry and knowledge concerning a silver plated gun, and his expression of concern that his prints might be on the gun, provided further independent corroboration of his involve-

ment in the crimes. Accordingly, the trial court properly determined that the accomplices' testimony was not uncorroborated and correctly refused the cautionary instruction.

The defendant argues, however, that even if Crews' testimony provided the necessary corroboration, Instruction F still should have been given because the jury was entitled to disregard her testimony since it was susceptible to the same kind of bias, prejudice and motivation to fabricate as was the testimony of her boyfriend, Danny Ray Johnson, an accomplice. The defendant argues, in effect, that had the jury disbelieved Crews' testimony because of bias, prejudice and motive to fabricate to assist Danny Ray Johnson, then there was no corroboration of the accomplice's testimony. Therefore, Brown argues that the accomplice's testimony would have been uncorroborated and Instruction F should have been given.

This novel argument is provocative but unpersuasive. It fails to differentiate between the motivation to fabricate by an accomplice who seeks to exculpate himself from criminal liability by laying the blame on another and an independent witness who may be impeached for bias due to a relationship with an accomplice. Following the appellant's argument to its logical conclusion would require a cautionary instruction in every case in which the jury could disbelieve the corroborating witness because of potential bias, prejudice or conflicting evidence, if the witness has some relationship to an accomplice. We reject this argument because a witness who provides corroborating evidence still provides an independent safeguard to accomplice testimony even though subject to impeachment, and the risk that an accomplice will falsely implicate another is not as great even though the corroborating witness may bear some relationship to the accomplice.

We next address the defendant's contention that *Hunt v. Commonwealth*, 126 Va. 815, 101 S.E. 896 (1920), required the trial court to grant Instruction G, informing the jury that the testimony of one accomplice could not be considered to corroborate the testimony of another accomplice. Even if Instruction G represents a correct statement of law, an issue on which we express no view, it would have been appropriate only if there had been no independent corroborating evidence. The risk identified in *Hunt* lies in convicting an accused upon the uncorroborated testimony of another who may be motivated by self interest in exculpating

himself. Since Instruction F was properly refused, Instruction G became unnecessary and would have merely confused and misled the jury. *See Lear v. Commonwealth*, 195 Va. 187, 193, 77 S.E.2d 424, 428 (1953).

## II.

### SUFFICIENCY OF THE EVIDENCE

In considering whether the evidence was sufficient to support Brown's convictions of robbery and use of a firearm, the Commonwealth contends that the defendant is procedurally barred by Rule 5A:18 from raising the issue on appeal because the motion to set aside the verdict was too vague and general. The defendant did not move to strike the evidence after the Commonwealth's case or at the conclusion of all the evidence, but did move to set aside the verdict as contrary to the law and evidence. A proper motion to set aside a verdict will preserve for appeal a sufficiency of the evidence question. *See McGee v. Commonwealth*, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987) (holding that a motion to set aside a guilty verdict is adequate to challenge the sufficiency of the evidence).

The purpose of Rule 5A:18 is to require a party to raise an issue in a timely fashion before the trial judge so the court has opportunity to address the issue and prevent unnecessary appeals. The record makes clear that the trial court considered and ruled upon the motion to set aside as challenging the sufficiency of the evidence to support the convictions. The trial judge addressed the sufficiency of the evidence when he ruled: "I am going to overrule your motion to set the jury's verdict aside, and enter up the jury's verdict. I feel like from the evidence, it was a jury issue, and they have decided that and so I'm going to enter up the jury's verdict." Since the trial court considered and ruled after a timely motion whether the evidence was sufficient to support the convictions, the motion was sufficient to properly raise the issue. Thus, Rule 5A:18 does not bar review of the issue timely raised and specifically ruled upon in the trial court.

In considering the sufficiency of the evidence to support the convictions, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom. *Spain v. Commonwealth*, 7 Va. App. 385, 396, 373 S.E.2d 728, 734 (1988). The testimony of the accomplices, Scotty Harris and Danny Ray Johnson, implicating Brown as a principal in the robbery and in using a firearm, and the testimony of Lydia Crews, which independently corroborated many of the details of their account, supported the jury's verdict of guilty.

Accordingly, we affirm the convictions.

*Affirmed.*

Koontz, C.J., and Moon J., concurred.