COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia


ALVIN B. TURNER

v.          Record No. 2473-94-2          MEMORANDUM OPINION[*]
                                        BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                      JANUARY 23, 1996


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    William R. Shelton, Judge

            Angela D. Whitley for appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General,
            on brief), for appellee.



        Alvin B. Turner was convicted in a bench trial of statutory
burglary. Turner contends that the evidence was insufficient to
sustain the conviction. We agree and reverse the conviction.

        The Commonwealth asserts that the defendant failed to
properly object to the sufficiency of the evidence as to the
burglary charge, and is barred from raising this issue on appeal.
Rule 5A:18. Defense counsel moved to strike the evidence at the
conclusion of the Commonwealth's case as to the statutory
burglary charge, and the trial court overruled the motion. The
defendant then testified in his own behalf. He did not renew the
motion to strike at the conclusion of all the evidence. See
McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 424,
425 (1995) (by presenting evidence a defendant waives the motion

_____
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to strike the evidence made at the conclusion of the Commonwealth's case).  However, he did move to set aside the guilty verdict as to statutory burglary on the grounds that "there's no evidence -- that [Wendy Hankins] gave the check to [the defendant] or that he gave the check to her or that he knew the other codefendant gave her the check."

"A proper motion to set aside a verdict will preserve for appeal a sufficiency of the evidence question."  Brown v. Commonwealth, 8 Va. App. 474, 480, 382 S.E.2d 296, 300 (1989).  In deciding whether the motion to set aside the verdict was proper to preserve the sufficiency issue for appeal, we must determine whether the trial court had "opportunity to address the issue and prevent unnecessary appeals."  Id.; see Rule 5A:18.

Here, the defendant, in requesting the court to set aside the verdict, argued that "[t]here's no evidence that he knew anything about [the stolen check], no evidence that he encouraged and abetted or anything else. . . . The evidence is completely silent."  The trial court responded, "I'm satisfied with the decision I made."  It is clear from the exchange that the defendant was contesting the sufficiency of the evidence to prove statutory burglary and was arguing that the evidence failed to prove that the defendant possessed or even knew about the check or that it was stolen.  The trial court considered and rejected the defendant's argument.  Accordingly, the defendant properly preserved the sufficiency of the evidence question for appeal and

-2-

the trial court clearly considered the issue.

In determining whether the evidence is sufficient to sustain the defendant's statutory burglary conviction, "we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Brown, 8 Va. App. at 480-81, 382 S.E.2d at 300. To establish a prima facie case of statutory burglary based on constructive or actual possession of recently stolen property, the Commonwealth must prove (1) that goods were stolen from a house that was broken into; (2) that both the breaking and entering and the larceny were committed at the same time, by the same person, as part of the same criminal enterprise; and (3) that the stolen goods were found soon thereafter in the possession of the accused. Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987).

The evidence showed that the codefendant gave Wendy Hankins a check that had been recently stolen in a burglary and he asked her to cash it. Hankins endorsed the check, and the defendant drove Hankins and the codefendant to a grocery store. After cashing the check, Hankins gave the proceeds to the codefendant. The record does not show that the defendant ever handled the check, or that the codefendant gave the defendant any of the proceeds. The evidence fails to prove that the defendant actually or constructively possessed the check. Hankins testified that the codefendant gave her the check in a hotel

room.  It is not clear from Hankins' testimony whether the defendant was present at that time.  Nevertheless, the defendant drove Hankins and the codefendant to the grocery store where Hankins cashed the check and he was present when Hankins gave the proceeds to the codefendant.  However, mere proximity to the stolen check is not sufficient to prove that the defendant actually or constructively possessed the check.  See Nelson v. Commonwealth, 12 Va. App. 268, 271, 403 S.E.2d 384, 386 (1991) (holding that presence inside stolen vehicle is not sufficient to show that the accused "exercised dominion and control over the vehicle").  No evidence proves that the defendant exercised dominion or control over the check or that he knew that it had been stolen.

We hold that the evidence was insufficient to prove that the defendant exercised joint control with the codefendant or Hankins over the stolen check.  See Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 268 (1985) (stating that "[t]here must be evidence of joint control to justify the inference of joint possession").  Accordingly, the Commonwealth failed to establish a prima facie case of statutory burglary, and we reverse the defendant's conviction and dismiss the charge against him.

Reversed and dismissed.