COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Senior Judge Coleman
Argued at Richmond, Virginia


THOMAS A. CHILTON, JR., S/K/A
 THOMAS ARTHUR CHILTON, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0442-00-2      JUDGE JAMES W. BENTON, JR.
                                         AUGUST 28, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    John R. Alderman, Judge

        Matthew P. Geary (Hairfield & Morton, PLC, on
        briefs), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Amy L. Marshall, Assistant Attorney General,
        on brief), for appellee.


    A jury convicted Thomas A. Chilton, Jr. of robbery, use of a

firearm in the commission of a robbery, and entering a banking

house armed with a deadly weapon with the intent to commit

larceny of money.  He contends (1) that all the convictions

should be reversed because the judge gave the jury an erroneous

instruction and (2) that the evidence was insufficient to

support the conviction for use of a firearm in the commission of

robbery.  We reverse the conviction for the use of a firearm in

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the commission of a robbery, and we affirm the other two convictions.

                                    I.

A teller at a bank in Hanover County testified that Chilton entered the bank and requested change for a $100 bill. After she had given him the change, he demanded that she give him "all the money." The teller testified that she noticed an object lying on the counter that "appeared to be a gun." The teller identified Commonwealth's Exhibit Number 4 as the weapon she saw, and she said Chilton's hand was on the weapon in such a manner that caused her to believe she was seeing the barrel of the gun. She gave Chilton approximately $300, including several marked "bait" bills.

Another bank employee saw a blue car departing the bank and recorded the license number. Later that day, a police officer saw Chilton sitting in a blue car and arrested him for a narcotics violation. When the officer called in the license number, he learned that that car might have been involved in a bank robbery. The officer searched Chilton and found $260 in various denominations, which included the "bait" bills. The officer also found the weapon identified as Commonwealth's Exhibit Number 4. On cross-examination, the officer testified as follows regarding the weapon:

        Q:  [Y]ou didn't find any real guns?

        A:  No.

                                    -

Q:  How did you determine that this was not
a real gun?

A:  I looked at it.

Q:  Okay, so you physically took it out of
the sheathing and found that it was a knife
that actually retracts and just happens to
have a handle which looks like a gun handle?

A:  Yes, sir.

Q:  But you don't see anything, other than
wood here, when it's inside the sheathing,
do you?

A:  No, just a pistol grip.

Q:  Okay.

A:  And metal.

Q:  You don't see any barrel of any sort?

A:  No, sir.

Chilton testified and denied that he robbed the bank.  He admitted, however, that he told the police he robbed the bank. He testified that when he sought change for the $100 bill, the teller misinterpreted his intent.  He said he did not ask for the money that she gave him.  Although he testified that he was disoriented and confused and could not remember what happened to him between the time he left the bank and his arrest, he admitted changing his clothes and shaving his mustache after leaving the bank because he didn't want to be arrested.  He testified that the knife the officer found on him had a "pistol grip."

-

The jury convicted Chilton of all three charges. The trial judge imposed the jury's recommended sentences of five, three, and twenty years for robbery, use of a firearm in a robbery, and armed bank robbery, respectively.

## II.

Chilton contends that the trial judge erred in giving one of the jury instructions and that, therefore, all three of his convictions must be reversed. The instruction stated: "Where a victim reasonably perceived a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm." The Commonwealth contends that Rule 5A:18 bars our consideration of this issue.

When the trial judge reviewed the proposed instructions with the attorneys, Chilton's trial counsel said of this instruction, "I prefer not to have it, Judge, but I think the case law is clear, he's entitled to have it." Chilton's trial attorney's statement fails to fulfill the contemporaneous objection requirement of Rule 5A:18. Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (holding that to preserve an issue for appeal the grounds for an objection must be "stated with specificity").

Moreover, the record does not support application of the Rule's exception "for good cause" or "to attain the ends of justice." In a prosecution for robbery, "a victim's perception that the assailant was armed is sufficient to establish the

-

necessary element of violence or intimidation." Yarborough v. Commonwealth, 247 Va. 215, 219 n.2, 441 S.E.2d 342, 344 n.2 (1994). The phrase "threat or intimidation" mentioned in the instruction is germane to the elements of robbery and could be considered by the jury for the purpose of determining Chilton's guilt or innocence on that charge. For robbery, the real nature of the alleged weapon is not important, only the intimidation suffered by the victim. Thus, the instruction was relevant to the robbery issue before the jury. Chilton's trial attorney did not offer a limiting instruction as to the other issues.

### III.

Chilton also contends that the evidence was insufficient to convict him of using a firearm during a felony because the evidence proved only that he had a knife during the robbery. Again, the Commonwealth contends that Rule 5A:18 bars an appeal on this issue.

The record establishes, however, that Chilton raised this precise issue in a motion to set aside the verdict. In a similar case, McGee v. Commonwealth, 4 Va. App. 317, 357 S.E.2d 738 (1987), we addressed a situation in which a defendant filed a timely motion to set aside the verdict under Rule 3A:15(b). We noted that the defendant raised specific objections to the sufficiency of the evidence, and we held that the motion was adequate to allow us to consider those issues on appeal. Id. at 321-22, 357 S.E.2d at 739-40. Indeed, we have specifically held

-

that "[a] proper motion to set aside a verdict will preserve for appeal a sufficiency of the evidence question." Brown v. Commonwealth, 8 Va. App. 474, 480, 382 S.E.2d 296, 300 (1989).

The Commonwealth argues that Chilton's motion does not comply with Rule 5A:18 because the trial judge failed to rule on it and because it was not filed through Chilton's attorney. Although "the record [in McGee did] not indicate whether the trial judge ruled on the motion," 4 Va. App. at 321, 357 S.E.2d at 740, we addressed the merits of the appeal. Moreover, the record in this case indicates that the Commonwealth replied to the motion and the trial judge was aware of the motion. At a hearing on April 3, 2000, the trial judge replaced Chilton's appointed attorney and said: "[W]ith respect to the other matters, I think I am deprived of jurisdiction, the notice of appeal having been made, so I am unable to rule on any of those motions, and in any event, wouldn't do so without the participation of counsel." Those comments manifest the trial judge's erroneous impression that he lacked jurisdiction over the case. The judge did not enter final judgment in this case until May 22, 2000, more than a month after the hearing. Although the jury returned its verdict and sentence on February 15, 2000, "'[t]here is a distinction between the rendition of a judgment and the entry of a judgment.'" Wagner v. Shird, 257 Va. 584, 587, 514 S.E.2d 613, 615 (1999) (citation omitted).

-

The judge retained jurisdiction until twenty-one days after the entry of the final judgment.  Rule 1:1.

Chilton's pro se filing of this motion does not render it ineffectual in raising the sufficiency issue before the trial judge.  In the same motion, Chilton asked for a new attorney to be appointed.  Although Chilton's attorney's actions are binding on him, Taylor v. Illinois, 484 U.S. 400, 417-18 (1988), and, as an indigent, Chilton could not discharge his court-appointed attorney at will, Kinard v. Commonwealth, 16 Va. App. 524, 526, 431 S.E.2d 84, 85 (1993), he petitioned the trial judge for a new attorney and in so doing moved to set aside the verdict. The evidence at the final hearing indicated that Chilton and his appointed attorney had such serious differences that the trial judge appointed a new attorney.  In such a circumstance, the pro se motion sufficiently fulfilled the requirement of Rule 5A:18 that the matter be addressed to the trial judge.

Furthermore, the ends of justice exception applies to obviate the need for a contemporaneous objection in this case. In order for an accused to take advantage of this exception, the accused must show affirmatively that a miscarriage of justice has occurred, not that a miscarriage might have occurred. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).  Specifically, when challenging the sufficiency of the evidence in this manner, the accused "must demonstrate that he or she was convicted for conduct that was not a criminal offense

-

or the record must affirmatively prove than an element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 222, 487 S.E.2d 269, 273 (1997).

An accused "may not be convicted for the use of a firearm under Code § 18.2-53.1 unless the evidence discloses beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was, in fact, a firearm." Sprouse v. Commonwealth, 19 Va. App. 548, 551-52, 453 S.E.2d 303, 306 (1995). In this case, the Commonwealth relied on the testimony of the teller to prove the existence of the firearm. The teller identified the knife recovered from Chilton as the weapon she saw when he robbed her. Counsel for the Commonwealth conceded at oral argument that this testimony was "not helpful" on this issue. The Commonwealth asks us to speculate, however, that Chilton had another weapon, a firearm, which he discarded after leaving the bank but before the police officer discovered him. The evidence in the record established that Chilton had a knife that looked like a gun when he committed the robbery. In other words, "the evidence proved that the charged offense did not occur." Redman, 25 Va. App. at 222, 487 S.E.2d at 273. We will not speculate otherwise. Thus, we hold that the bar of Rule 5A:18 does not apply and that the evidence, viewed in the light most favorable to the Commonwealth, proved Chilton did not use a firearm during the commission of the robbery.

-

IV.

For these reasons, we reverse the conviction for use of a firearm in the commission of a robbery in violation of Code § 18.2-53.1, and we affirm the convictions of robbery and of entering a banking house armed with a deadly weapon with the intent to commit larceny of money.

<u>Affirmed in part and reversed in part</u>.