COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia


RODNEY O. ANTHONY

                                     MEMORANDUM OPINION[*] BY
v.      Record No. 0986-02-3        JUDGE ROBERT J. HUMPHREYS
                                       DECEMBER 16, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Jr., Judge

William F. Quillian, III, for appellant.

Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; John H. McLees, Senior Assistant Attorney
General, on brief), for appellee.


Rodney O. Anthony appeals his conviction, after a jury trial, for felony escape from custody, in violation of Code § 18.2-478. Anthony contends that the trial court erred in finding the evidence sufficient to support the conviction because "the only violation for which he [was] being apprehended [was] a traffic violation."[1] For the reasons that follow, we affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication. Further, because this opinion has no precedential value, we recite only those facts essential to our holding.

[1] Anthony was also charged with attempting to deprive a deputy of his stun gun (in violation of Code § 18.2-57.02), obstruction of justice (in violation of Code § 18.2-460), driving on a suspended license (in violation of Code § 46.2-301), and failure to display headlights (in violation of Code § 46.2-1030). The jury found Anthony not guilty of the charge related to the stun gun. The circuit court remanded the misdemeanor charges of obstruction of justice, driving on a suspended license, and failure to display headlights to the general district court. Those charges were later reinstated on the circuit court's docket for final disposition. The circuit court ultimately dismissed the obstruction of justice charge and imposed sentence for the remaining charges.

Before reaching the merits of Anthony's argument, we note that the Commonwealth contends Anthony failed to preserve the issue because he failed to renew his motion to strike at the close of the evidence and because his motion to set aside the verdict was too narrow to encompass the issue. We agree that we are precluded from considering Anthony's argument on appeal for three reasons.

First, although Anthony made a motion to strike at the close of the Commonwealth's evidence, when the trial court overruled the motion, Anthony proceeded to put on his own evidence. At the conclusion of his evidence, Anthony did not renew his motion to strike. "It is well settled . . . that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case." White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986).

Second, although Anthony renewed the arguments he had made in support of his motion to strike in closing argument before the jury, we have long recognized that "in a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991). Thus, because "[t]he goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action," id. at 480, 405 S.E.2d at 2, we have recognized that renewing arguments in support of a motion to strike in this manner does not preserve a sufficiency issue for purposes of appeal.

Finally, while the record reflects that Anthony made a motion to set aside the verdict before the court sentenced him, we have held that only "[a] *proper* motion to set aside a verdict will preserve for appeal a sufficiency of the evidence question." Brown v. Commonwealth, 8 Va. App. 474, 480, 382 S.E.2d 296, 300 (1989) (citing McGee v. Commonwealth, 4 Va. App.

317, 321, 357 S.E.2d 738, 739-40 (1987) (holding that a motion to set aside a guilty verdict is adequate to challenge the sufficiency of the evidence)) (emphasis added); see also White v. Commonwealth, 21 Va. App. 710, 720, 467 S.E.2d 297, 302 (1996) (holding, in the context of a motion to set aside the verdict, that "[a] general objection that the verdict is contrary to the law and the evidence fails to identify with specificity in what respect the defendant considers the evidence to be deficient").

In his motion to set aside the verdict Anthony "renew[ed] [his] motions made previously on the . . . charge of escape," stating:

> Ah – in effect, basically, indicating that at the very most all we had before the Court is a misdemeanor escape and ask the Court to set aside the felony verdict.

In response, the trial court ruled as follows:

> Now, I couldn't agree more. I wouldn't have convicted him of the felony stun gun either. I thought it was a very appropriate verdict. Not that I would second-guess the jury. I think they hit it right on the head and it was an escape.
>
> Just for this record – I think Officer [Rodney] Thompson's- I think the jury's found him [sic] – treated him fairly. I'm not going to alter the verdict.

It is clear from this colloquy that Anthony did not challenge the sufficiency of the evidence as to the felony escape charge on the grounds of whether or not he was in custody for a "criminal offense," nor did the trial court understand him to be making such an argument. Instead, Anthony apparently abandoned that argument and contended only that the evidence was merely sufficient to support a conviction of "misdemeanor escape."[2] Accordingly, we find that Anthony failed to specify, in his motion to set aside the verdict, the grounds upon which he now relies for purposes of appeal. We thus hold that we are precluded from considering Anthony's

---

[2] Indeed, the statutes proscribing felony and misdemeanor escape each contain elements requiring that a defendant be lawfully in custody for some type of criminal offense – be it a misdemeanor or a felony offense. See Code §§ 18.2-478 and 18.2-479.

arguments in this regard. See Rule 5A:18; see also Day v. Commonwealth, 12 Va. App. 1078, 1080, 407 S.E.2d 52, 54 (1991) (noting that a motion to set aside the verdict must state the question with sufficient particularity to submit the issue to the trial court).[3] Finding no reason on this record to consider Anthony's argument pursuant to one of the available exceptions to Rule 5A:18, we affirm the judgment of the circuit court.

Affirmed.

---

[3] We also decline to consider the issue Anthony raised during oral argument, concerning whether or not Anthony was in "custody" at the time of the escape. In his petition for appeal to this Court, Anthony did not seek review on this ground. Indeed, Anthony's only Question Presented in his petition for appeal was "[w]hether a person can be convicted of committing an escape as proscribed by Virginia Code Sections 18.2-478 or 18.2-479 when the only violation for which he is being apprehended is a traffic infraction[.]" Consequently, we limit our attention to this issue. See Rule 5A:12.