COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


DAMIEN JAMES JARVIS
                                              MEMORANDUM OPINION[*] BY
v.      Record No. 1634-04-1                  JUDGE D. ARTHUR KELSEY
                                                 OCTOBER 18, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                          Glen A. Tyler, Judge

        C. A. Turner, III (Turner & Turner, on briefs), for appellant.

        Deana A. Malek, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General, on brief), for appellee.


        The Commonwealth charged Damien James Jarvis with burglary and the possession of

burglary tools with larcenous intent. The burglary took place on March 24, 2004. Two and a

half weeks later, on April 12, police officers found burglary tools in the trunk of a vehicle in

which Jarvis was a passenger. The tools were discovered beside clothes and shoes belonging to

Jarvis. The burglary indictment identified the date of the burglary as March 24, but the burglary

tools indictment identified the date of offense as April 12, the date of the officer's actual

discovery of the tools.

        The case proceeded to trial without anyone bringing the disparity of the indictment dates

to the attention of the trial court. During the bench trial, the Commonwealth argued that Jarvis

participated with two accomplices in the burglary and jointly possessed the burglary tools used to

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

gain entry. All three occupied the vehicle at the time the burglary tools were later found by the police. The two accomplices confessed to the crimes and testified against Jarvis at trial.

At the close of the Commonwealth's evidence, Jarvis moved to strike the evidence, arguing that the accomplices alone committed the burglary and then lied about Jarvis's participation. The trial court apparently did not rule on the motion, and Jarvis did not insist upon a ruling. Jarvis then took the stand and offered an alibi in his defense.

In closing argument, the prosecutor contended that Jarvis and his two accomplices jointly committed the burglary using one or more of the burglary tools later found in the vehicle. In response, Jarvis again challenged the credibility of his accusers and insisted upon his alibi. At the end of the trial, however, Jarvis did not renew his motion to strike or specifically challenge the evidentiary sufficiency of the Commonwealth's *prima facie* case. Rejecting Jarvis's argument, the trial court found Jarvis guilty on both charges.

On appeal, Jarvis challenges only his conviction for possession of burglary tools.[1] The evidence is insufficient as a matter of law, Jarvis asserts, to prove that he possessed these tools on April 12 with larcenous intent as the indictment alleged. We decline to address this argument because Jarvis has not properly preserved it for appeal.

Under settled law, a defendant waives a sufficiency objection under Rule 5A:18 when he fails to renew his motion to strike after presenting evidence on his own behalf. McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (*en banc*).[2] In a bench trial,

---

[1] Jarvis also challenges a probation violation order that relied in part upon his conviction for possessing burglary tools. Given our holding, we need not address this issue.

[2] In addition, Jarvis could have preserved his sufficiency objection by making a motion to set aside the finding of guilt. See Gabbard v. Knight, 202 Va. 40, 43, 116 S.E.2d 73, 75 (1960); Cotter v. Commonwealth, 21 Va. App. 453, 454, 464 S.E.2d 566, 567 (1995) (*en banc*); Brown v. Commonwealth, 8 Va. App. 474, 480, 382 S.E.2d 296, 300 (1989). No such motion was filed in this case.

Rule 5A:18 relaxes somewhat to permit a defendant to assert a sufficiency challenge in closing argument in addition to arguing the merits of the case. See Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004); Campbell v. Commonwealth, 12 Va. App. 476, 480-81, 405 S.E.2d 1, 2-3 (1991) (*en banc*). To be effective, however, the sufficiency challenge must be clear enough for a trial judge to discern its presence and be able to distinguish it from the argument on the merits.[3] "Not every closing argument accomplishes this objective." Id. A mere contest over the "weight of the evidence" favoring or disfavoring a conviction does not suffice. Id. If arguments of this sort were adequate, the rule would be rendered meaningless; for every closing argument in a criminal case (short of a concession of guilt) does as much.

In this case, Jarvis's closing argument did not challenge the *prima facie* sufficiency of the Commonwealth's case. That is, Jarvis never argued that the incriminating evidence — taken at face value — would be insufficient as a matter of law to permit "any rational trier of fact" to find "the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).[4] Instead, Jarvis merely challenged the veracity of the Commonwealth's witnesses and sought to bolster the credibility of his alibi defense.

Nor did Jarvis specifically address at trial the sufficiency of the evidence showing possession on April 12 (the date of the indictment), as opposed to March 24 (the date of the burglary). A general sufficiency objection, even when timely made, does not preserve for appeal

---

[3] This principle does not apply in jury trials, where "the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial." Campbell, 12 Va. App. at 481, 405 S.E.2d at 3.

[4] See also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004); Seaton v. Commonwealth, 42 Va. App. 739, 747-48, 595 S.E.2d 9, 13 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

a challenge to a particular aspect of the offense. Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998); see also Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978). Under Rule 5A:18, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004); see also Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004).

Jarvis asks us to invoke the "good cause" and "ends of justice" exceptions to Rule 5A:18. We apply these exceptions, however, only in "extraordinary situations," Thomas v. Commonwealth, 44 Va. App. 741, 751-52, 607 S.E.2d 738, 743, aff'd, 45 Va. App. 811, 613 S.E.2d 870 (2005) (*en banc*), when it can be fairly said that some "grave injustice or the denial of essential rights" has occurred as a result of the procedural default. Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). No such showing has been made here.

Had Jarvis specifically challenged at trial the sufficiency of the evidence showing his possession of burglary tools on April 12 (the date they were found), the Commonwealth could have sought an amendment of the indictment to allege possession on March 24 (the date they were used). See Code § 19.2-231 (authorizing amendments to address a "variance between the allegations" in the indictment and "the evidence offered in proof thereof"). The Commonwealth may have also argued that, whatever the date alleged in the indictment, "the statute creates a *prima facie* case or rebuttable presumption that the person possesses the tools with the intent to commit a burglary, robbery, or larceny." Hagy v. Commonwealth, 35 Va. App. 152, 160, 543 S.E.2d 614, 618 (2001).

Under these circumstances, the preclusive bar of Rule 5A:18 cannot be set aside. "To hold otherwise would invite parties to remain silent at trial, possibly resulting in the trial court

committing needless error." <u>Gardner v. Commonwealth</u>, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).  For these reasons, we affirm Jarvis's conviction for possession of burglary tools.

<u>Affirmed.</u>